THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, V. THOMAS DOBSON, DEFENDANT IN ERROR.

Occupying Claimants: ASSESSMENT OF DAMAGES: In an action against D., an occupant, for the possession of real estate, judgment was in favor of the plaintiff. D. removed the cause to the supreme court for review by proceedings in error, where the judgment of the district court was affirmed. After the filing of the mandate from the supreme court, in the office of the clerk of the district court, and at the first term thereafter, the defendant filed a request for a jury to assess the value of lasting improvements made upon the land. *Held*, That the request was made within time—and not too late—and that the district court did not err in ordering the jury to be impaneled.

ERROR to the district court for Seward county. Tried below before POST, J., sitting for NORVAL, J.

*Marquett & Deweese* and *R. S. Norval*, for plaintiff in error.

*William Leese*, for defendant in error.

REESE, J.

This case was originally an action of ejectment instituted by plaintiff in error against defendant in error in the district court of Seward county. In that action plaintiff in error was successful. The cause was removed into the supreme court by proceedings in error by defendant, and being affirmed, a mandate issued to the district court commanding it to proceed in the enforcement of the judgment. This mandate was issued the 11th day of March, 1882, and filed in the office of the clerk of the district court on the 15th day of the same month, in vacation. On the 27th day of April following, and during the regular April term of the district court, the defendant in error filed and presented to the court a request that a jury be impaneled to determine the value of the lasting improvements made upon the land by defendant in error under the provisions of the law for the relief of occupying claimants of lands. Compiled Statutes 1881, page 365. The court at that time refused to make the order for the jury, but over the objection of defendant continued the cause until the November term of court for that year, and ordered notice to be given to plaintiff in error. The notice was served on plaintiff on the 26th of May, 1882. No proceedings appear to have been had until the 24th day of June, 1883, when the order for a jury was made and the jury impaneled.

The principal and so far as we are able to discover the only question presented by this record, no briefs having been filed, is, that the district court had no jurisdiction or authority to order the jury for the purpose of determining the value of improvements; that the final judgment in the ejectment proceedings having been rendered in May, 1880, and the defendant having elected to contest the judgment in the supreme court, it was too late, after an adverse decision in this court, for defendant to ask a jury for the purpose named.

From the record before us it appears that at the first term of the district court after the receipt of the mandate by the clerk the application for the jury was made.

In *Buchanan v. Dorsey*, 11 Neb., 373, it was held that no step should be taken by an unsuccessful claimant for the appraisement of the value of improvements until after a final judgment had been rendered in the action of eject-ment. And that he could not be permitted to question the correctness of such judgment after asking and receiving the appraisement of the value of his improvements by a jury. Having done so he would be estopped from seeking relief against the judgment by proceedings in error.

By section three of the law in force at the time of the filing of the request it is provided that, " The court ren-dering judgment in any case provided for by this act against the occupying claimant, shall, at the request of either party, cause a journal entry thereof to be made, and thereupon a jury shall be impaneled by the court in the usual manner provided by law in civil causes." Compiled Statutes, 1881, 366. By section three of the law in force at the time the order was made it is provided in substance that the court rendering the judgment or decree against an occupying claimant shall, at the request of such occupant or claimant, issue an order to the sheriff commanding him to summon three disinterested persons, freeholders, etc., whose duty it shall be to appraise the real estate and the improvements, etc. Laws 1883, 351. Compiled Statutes, Second Edition, 1885, Ch. 63. It does not seem that time is made an *essential* element by either section. The court rendering the judgment is required, upon appli-cation, to make the order ; but we do not think that it necessarily follows that it must be done at the same *term* at which the judgment is rendered. The right of the ap-praisement is given by the statute upon demand. The right to be heard in the court of last resort is given by the constitution. Bill of Rights, § 24. He may waive

his right to be heard in the court of last resort, if he so elects, and treat the judgment as final by causing the jury to be impaneled; but we know of no law which requires him to do so in order to enjoy the benefits of the occupying claimant's law. The district court had not lost jurisdiction of the cause. The mandate required the enforcement of the judgment. At the time the mandate was filed the court stood in the same relation to the case, so far as its jurisdiction was concerned, as it did immediately after the rendition of the judgment. The act of 1883 took effect February 23d of that year. The jury was ordered on the 4th day of June of the same year. By section 11 of the act it is made to apply to all suits pending at the time it took effect. All proceedings after the 23d of February, 1883, were under the new law. The cause was then pending. The request for the jury was made at the first opportunity after the receipt of the mandate, and was made at the proper time.

We have examined the record and find that all the proceedings in the case were at least in substantial accordance with the law, and see no reason why the judgment should not stand. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.