BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, PLAINTIFF IN ERROR, V. THOMAS DOBSON, DEFENDANT IN ERROR.

Jurisdiction of Supreme Court: IMPROVEMENTS. In proceedings in error to review a judgment of the district court, whereby the value of improvements, rents, and profits, and of the real estate, was found upon appraisement, the supreme court has no authority to order a reference for the purpose of ascertaining the value of rents and profits accruing after the verdict or assessment of the appraisers and during the pendency of the proceedings in the supreme court.

ERROR to the district court of Seward county. Tried below before GEORGE W. POST, J.

*Marquett, Deweese & Hall,* for plaintiff in error.

*William Leese,* for defendant in error.

REESE, J.

After the opinion in this case, which is reported in 17 Neb., 455, was filed, plaintiff in error filed a motion for a reference of the cause to a referee, to take testimony as to the value of the net rents and profits of the land received by defendant since the finding of the jury below,

and to ascertain the amount of taxes paid by defendant. The application being made in the absence of defendant, the order of reference was granted, but on condition that all questions of law should be reserved by the court until the report of the referee was made. Upon the report being filed, the defendant filed exceptions thereto, the second and third of which are as follows:

" 2d.    There is no law or authority whatever to allow the plaintiff any rents and profits during the time it has been disputing the judgment of the court below by proceedings in error.

" 3d.    This court is without jurisdiction to make the order referring this case for the purpose of ascertaining the net value of the annual rents and profits since the date of the finding of the jury in the district court."

The question here presented is, whether or not the court has power under the statute to order a new reference, either to a referee or a jury, for the purpose of ascertaining the value of rents and profits after they have once been ascertained by the verdict of a jury of appraisers appointed by the district court.

Section 3 of chapter 63 of the Compiled Statutes of 1885 provides, that the court rendering the judgment or decree of eviction shall, at the request of the occupant or claimant, issue an order to the sheriff of the county wherein the real estate is situated, to summon three disinterested freeholders of such county, whose duty it shall be to appraise such real estate and the improvements at their cash value.    This order issued to the sheriff to be accompanied by written instructions from the court to the appraisers. By section 4 it is provided that the appraisers shall jointly view the real estate and assess the value of the improvements, the rents and profits, and of the land.    It is further provided in this chapter that upon the report of the appraisers having been made, a judgment shall be rendered thereon according to the return, unless the same is set

aside for cause shown. This was all done in the case at bar, but plaintiff, not being satisfied with the action of the court, removed the case to this court by proceedings in error, where, as we have seen, the judgment was affirmed. 17 Neb., 455. The judgment of the district court during all the time has remained in force, and so remains at this time. We know of no provisions of law, except those above referred to, for ascertaining the value of rents and profits. Neither do we find any provision in the statute for any other assessment than by the tribunal provided by the third section of the act. The proceeding in this court in this case was simply one of review, and when the judgment was affirmed it remained only for the district court, upon being notified of the fact, to carry it into effect.

We are of the opinion that the reference of the case was without authority of law, and the report of the referee should be set aside. Judgment will be entered accordingly.

JUDGMENT ACCORDINGLY.

THE other judges concur.