BELINDA PAGE ET AL., PLAINTIFFS IN ERROR, V. EDWIN DAVIS, DEFENDANT IN ERROR.

[FILED JUNE 13, 1889.]

1. **Occupying Claimants: IMPROVEMENTS.** Occupying claimants of land who have made lasting and valuable improvements thereon, but have afterwards been evicted, are entitled to compensation for such improvements in all cases where they, or the persons under whom they claim title, derived the same from lawful public authority.

2. ———: ———: TAX TITLE. The words, "such tax titles," and "such tax deeds," in the proviso of section 11, chapter 63, Compiled Statutes of 1887, do not relate to words of like import previously occurring in the chapter; and the word "such" being restrictive in its meaning, was evidently designed to apply to a particular class of tax deeds not described, and not to tax deeds generally. A person claiming title under a tax deed and making lasting and valuable improvements on the land, paying taxes, etc., is entitled to compensation for the same.

3. ———: ———. While the intention of the law is that compensation shall be made for such improvements before a writ of restitution will be issued, yet where the application was properly filed, and an amended application made within six months afterwards, it will not debar a party from recovering.

ERROR to the district court for Douglas county. Tried below before NEVILLE, J.

*A. N. Ferguson,* for plaintiff in error.

*Montgomery & Jeffrey,* for defendant in error.

MAXWELL, J.

The defendant in error brought an action in ejectment against the plaintiff in error to recover the possession of certain real estate, and on the second trial obtained judgment for the possession of the same. The plaintiffs in

error soon afterwards made application for an appraisal of
lasting and valuable improvements put on the land by
them.   In support of the claim, the plaintiffs in error
introduced testimony tending to show that "the improve-
ments on said premises consist of a one-story frame dwell-
ing house 20 x 22 feet, one well, one cave cellar, one corn
crib, one stable (shed) about 30 x 10 feet, and about fifty
shade trees, and a quantity of shrubbery; that they put
all these improvements on the land in question before the
defendant in error brought suit to recover possession thereof;
also, that they have paid taxes on the land from 1879 to
and including 1885."   There is also a stipulation "that
one Abner French purchased said premises at the sale in
1879 for the taxes of 1877, and received a certificate of
such sale; and that in February, 1880, he leased said prem-
ises to the defendant, John F. Page, who at once built the
said house thereon; and that he made the other improve-
ments thereon prior to January, 1882, and after February
6, 1881, at which date the said French conveyed said prem-
ises by warranty deed to the defendant Belinda Page; that
the said French obtained a tax deed on his said tax certifi-
cate January 1st, 1882."

The action of ejectment was commenced November 11,
1885, and the second trial took place December 16, 1886;
and a motion for a new trial was filed, which was overruled,
and a request for the appraisal of the improvements filed.
Afterwards, on the 2d of April, 1887, an amended request
for the appraisal of the improvements was filed.   This,
with the first request, was overruled on the 9th day of July
of that year, and within a year from that time proceedings
in error were instituted in this court.   It is stated in the
brief of the plaintiff in error, and seems to be admitted by
the defendant in error, that the cause of the delay in mak-
ing the amended request for the appraisement of the im-
provements, was the death of Gen. O'Brien, the attorney of
the plaintiff in error.   The defendant in error contends that

there can be no recovery in this case for two reasons: *First* —
As the plaintiff in error claimed under a tax deed, there is
no provision of the statute for the appraisal of the improve-
ments in such cases.    *Second* — That the application was
made too late to be considered.

Section 1, chapter 63, Compiled Statutes, provides: "That
in all cases where any person claiming title to real estate,.
whether in actual possession or not, for which such person
can show a plain and connected title, in law or equity, de-
rived from the records of some public office, or from the
United States, or from this state, or derived from any such.
person by devise, descent, deed, contract, or bond, such.
person or persons claiming or holding as aforesaid shall
not be evicted or turned out of possession of such real
estate, nor shall his claim or title be set aside or canceled
by any court in any proceedings brought or commenced
by any person setting up and proving an adverse and bet-
ter title or claim to such real estate, until such person
claiming as aforesaid shall be fully paid the value of all
lasting and valuable improvements made upon such real
estate by such claimant, or by those under whom he claims,.
and also for all taxes and assessments paid upon said real
estate by such claimant, and the persons under whom he
claims, with interest thereon, at the same rate of interest
as provided by law for delinquent taxes, and for all sums.
of money paid by such occupant or claimant, or those under
whom he claims, to redeem such real estate from any sale
or sales for non-payment of taxes previous to receiving
actual notice by the commencement of suit on such adverse
title or claim by which such eviction or cancellation may
be had, unless such occupant or claimant shall refuse to.
pay the person so setting up and proving an adverse and
better title, the value of such real estate without improve-
ments made thereon as aforesaid, upon the demand of the
successful claimant as hereinafter provided."

Section 2 provides: "Any person in possession of or

claiming any real estate under a certificate of entry or under the homestead or preëmption laws of the United States, as well as the persons enumerated in the first section of this act, shall be considered as having sufficient title to demand the value of improvements and to demand the amount of all taxes and assessments paid by such claimant or those under whom he claims, under the provisions in the first section of this act."

The third, fourth, and fifth, sections relate to the appraisement and the report of the appraisers; the sixth and seventh to the final hearing and judgment. The eighth requires the successful claimant, who elects to pay for the improvements, to do so within such time as the court shall designate. The ninth and tenth relate to the procedure where the claimant elects to receive the value of the real estate without the improvements. Section 11 provides that: "This act shall apply to all suits now pending, or hereafter brought, wherein any of the claims or rights herein set forth shall be demanded and such demand for improvements or taxes may be made upon the overruling by the court of a motion for a new trial; or in case the suit is one in equity, then such demand may be made within three days after the entry of decree. In suits now disposed of, in which the unsuccessful occupant or claimant would have been entitled to the relief herein provided for, such occupant or claimant may make such application to the court within six months after this act shall become a law: *Provided, however,* That all of the provisions of this act shall be limited and restricted to those cases where the title to the real estate in controversy is derived from some source other than that which comes from such tax titles, tax certificates, tax receipts, or the payment of taxes by any person claiming any interest in or title to such real estate, by reason of such tax deeds, or tax titles, tax certificate, or tax receipts."

The words "such tax titles," and "such tax deeds," do not relate to any words relating to tax titles or tax deeds

which precede them in the chapter. In the second section it is declared in effect that parties who have entered lands under the preëmption and homestead laws, and have paid taxes on said lands, shall be authorized to demand the value of improvements made on said land and the amount of all taxes and assessments paid thereon. The first section provides substantially the same remedy as the second, and the only purpose in adding it seems to have been to prevent the possibility of the exclusion of cases arising under the homestead and preëmption laws. As the words, "such tax titles," and "such tax deeds," occur alone in the proviso to section 11, it is apparent that in the original bill, or in the act from which the bill was copied, these words did occur; but in what connection we do not know. The word "such" is restrictive in its meaning, and applies alone to certain tax deeds previously spoken of; and as no tax deeds or tax titles are referred to previous to the proviso of section 11, there is nothing to which the words referred to relate. Had the legislature intended to exclude all tax deeds and tax titles, it would no doubt have done so in plain, unequivocal language. There would seem to be no reason why a party who makes valuable and lasting improvements on land under a tax deed should not be paid for the same, as in other cases; and unless the statute expressly provides that no improvements shall be paid for, the claimant will be entitled to compensation. There is no such restriction in the statute, and the law should be applied alike to all — those claiming under tax deeds as well as others.

This is a remedial statute which declares that any person claiming title to real estate who "can show a plain and connected title, in law or equity, derived from the records of some public office," etc., "or derived from any such person," etc, * * * "shall be fully paid the value of all lasting and valuable improvements made upon such real estate by such claimant or those under whom he claims,"

etc. In other words, if a person derives title to real estate from the government through any of its agencies by which title purports to be conveyed, and makes lasting and valuable improvements on such real estate, he will be entitled to compensation therefor, and also for taxes paid, etc. This includes tax deeds. Such deeds purport to convey a title derived from the government through one of its agencies. It is unnecessary in this connection to enter into a discussion of the question of the effect of selling land for taxes or of the different forms of tax deeds. The statute seems to include all deeds issued under lawful public authority which purport to convey title to real estate, and clearly includes cases like that under consideration.

II. While the intention of the law is that these improvements shall be paid for before a writ of restitution will be issued, still, the failure to make the application for compensation before or at that time will not debar a party within, as in this case, six months afterwards, from making an amended application. This question was before the court in *B. & M. R. R. Co. v. Dobson*, 17 Neb. 455. In that case it is said in the syllabus that: "In an action against D., an occupant, for the possession of real estate, judgment was in favor of the plaintiff. D. removed the cause to the supreme court for review by proceedings in error, where the judgment of the district court was affirmed. After the filing of the mandate from the supreme court in the office of the clerk of the district court, and at the first term thereafter, the defendant filed a request for a jury to assess the value of lasting improvements made upon the land. *Held*, That the request was made within time — and not too late — and that the district court did not err in ordering the jury to be impaneled."

In *Shuman v. Willetts*, 19 Neb. 705, it is said: "This building appears to have been built in good faith by the occupants, who relied upon the decree of the district court. They now seek compensation for these improvements. As

these improvements are firmly attached to the land and have become a part thereof, and were put thereon in good faith, under circumstances which it is not necessary here to discuss, we think every principle of equity would require that this compensation be made." If the party who succeeds in the action for the possession of the land obtains the property of another which he has placed on the land as the owner thereof, justice requires that the former shall pay the latter the fair value of the property thus obtained. The defendant in error therefore will be required to pay for the lasting and valuable improvements made by the plaintiff in error and those under whom he claims title.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.