CHARLES P. BRESEE, APPELLANT, V. JOSEPH C. PARSONS ET
AL., APPELLEES.

FILED JUNE 29, 1910.    No. 16,109.

1. **Names: IDENTITY: PRESUMPTIONS.** In an action in ejectment the an-
swer alleged that the land was owned in fee simple by one
Thomas B. McMillan on April 1, 1903. Plaintiff derived title by
a conveyance from Thomas B. McMillan on May 18, 1908. There
was insufficient proof of the title of one of McMillan's grantors.
*Held,* That under the allegations of title in McMillan in the
answer, in the absence of any evidence to rebut it, the presump-
tion of identity should be applied, and the prior defective con-
veyance was immaterial.

2. ——: ——: ——. As a general proposition, identity of name
is *prima facie* evidence of identity of person, and is sufficient
proof of the fact in the absence of all evidence to the contrary.

3. **Occupying Claimants: VOID TAX DEED.** A person claiming title
under a void tax deed and making valuable and lasting improve-
ments on the land, paying taxes, etc., is entitled to compensa-
tion for the same. *Page v. Davis,* 26 Neb. 670.

APPEAL from the district court for Sioux county: JAMES
J. HARRINGTON, JUDGE.    *Reversed.*

*Andrew M. Morrissey* and *Allen G. Fisher,* for appellant.

*A. W. Crites, contra.*

LETTON, J.

This is an action in ejectment. The petition is in the
ordinary form and pleads plaintiff's ownership of 160
acres of land in Sioux county.

Each of the defendants filed separate answers claiming
title under certain tax foreclosure proceedings under
which the premises were sold and conveyed to Parsons
by the sheriff of Sioux county. They further plead the
payment of certain amounts for taxes for the years 1899
to 1907, inclusive, that valuable and lasting improvements
have been made upon the land, and that plaintiff has not
paid or tendered the taxes or costs. They also deny

every other allegation in the petition, and pray that the title be quieted in them and for general equitable relief. The reply pleads that the foreclosure proceedings were void on account of lack of jurisdiction, and tenders whatever sum the court may find due for taxes and interest after allowing credit for rents and mesne profits. The court found that the plaintiff is the owner of an undivided one-half interest in the property; that the defendants are holding the land in good faith under a claim of ownership, and have made valuable and lasting improvements thereon; that they have not been paid for the improvements or any part thereof by the plaintiff; that he has been damaged in the sum of $2.50 by the unlawful detention, and rendered judgment accordingly. The defendants then applied to the court for the appointment of appraisers under the occupying claimant act (Comp. St. 1909, ch. 63), and it was ordered that before eviction a hearing be had for the purpose of determining the value of the improvements. From the judgment and order plaintiff appeals.

At the trial a number of mesne conveyances were received in evidence whereby the title to the premises was proved from the United States to William Snyder and George B. Scrambling. A deed executed by William Snyder conveying to G. D. Scrambling the undivided one-half of the premises was then received. The plaintiff then offered a copy of the record of a warranty deed from George D. Scrambling and wife, and George B. Scrambling, single, to Thomas B. McMillan. This was objected to for the reason that "it does not appear to be acknowledged by one of the grantors, George B. Scrambling, and for the further reason it is secondary evidence and no proof of the original." This deed is signed by all three parties, but is only acknowledged by George D. Scrambling, and Orpha Scrambling, his wife. The court sustained the objection as to the undivided one-half interest of George B. Scrambling, but admitted it in evidence as to the interest of George D. Scrambling and wife. The next

deed in the chain is from Thomas B. McMillan and wife of Douglas county, Nebraska, and purports to convey the entire title to the plaintiff Charles P. Bresee.

The principal complaint made by the plaintiff is of the holding by the trial court that he is the owner of only an undivided one-half interest in the premises. He contends that since the separate answers allege specifically that the land was owned in fee simple by one Thomas B. McMillan on April 1, 1903, this was an admission of title in McMillan; that the proof shows that McMillan was the grantor in the deed of May 18, 1908, to the plaintiff, and, therefore, that under the pleadings the court should have found that the entire title was in him.

The defendant insists that there are no admissions in the answer. But the answer, after pleading ownership of part of the land, pleads in this respect, as follows: "And for further answer and defense to said petition, this answering defendant respectfully avers and shows to the court that on the first day of April, A. D. 1903, the said land, with other land described as follows: * * * then owned in fee simple by one Thomas B. McMillan, became and was liable to taxation for state, county and school district purposes, and the same has ever since been liable to such taxation, * * * and it was the duty of the said Thomas B. McMillan to seasonably make payment of said taxes each year."

The question presented is whether an allegation that the land belonged in 1903 to one "Thomas B. McMillan" without further description of the person, when followed by proof of conveyance from "Thomas B. McMillan and Katie McMillan, his wife, of Douglas county, Nebraska," to the plaintiff of date May 18, 1908, is sufficient to prove title in the plaintiff. The deposition of Mrs. Katie McMillan was offered in evidence as to the residence of her husband, Thomas B. McMillan, and herself in Douglas county, Nebraska, for about 40 years last past. This was excluded as immaterial, but we think it should have been received.

Under these allegations in the answer and the proof, we think it sufficiently appears that the Thomas B. McMillan who owned the land in 1903 and the Thomas B. McMillan of the deed of 1908 is the same person. "As a general proposition identity of name is *prima facie* evidence of identity of person, and is sufficient proof of the fact in the absence of all evidence to the contrary." Warvelle, Ejectment, sec. 291. We believe, in the absence of evidence to the contrary, the presumption must be applied, and are of opinion that the learned trial court failed to give proper weight to the admissions in the pleadings as to the title of Thomas B. McMillan, plaintiff's grantor, to the entire estate, and that plaintiff is entitled to a decree for the whole estate, instead of an undivided one-half interest.

It is next contended that the court had no jurisdiction to make an order at this time for relief under the occupying claimant act. Parsons testifies that he has placed a number of valuable improvements upon the land in section 10, and that Marsteller has placed about $75 worth of fencing upon the other 80 acres. Judgment has been rendered against these defendants for the possession of an undivided one-half of the land. This ended the controversy in the absence of an appeal, and the defendants were entitled to have the value of their improvements determined under the occupying claimant act. Apparently upon the taking of the appeal the proceedings were stayed to await the final determination of the action in this court. When a case is finally determined in the district court, or after an appeal to this court and being remanded to that court, defendants in such cases are entitled to proceed under the occupying claimant act. *Burlington & M. R. R. Co. v. Dobson*, 17 Neb. 455.

Plaintiff also insists that the defendants are not *bona fide* purchasers of the land, and therefore are not entitled to the benefit of the occupying claimant act. In *Page v. Davis*, 26 Neb. 670, it was said: "Had the legislature intended to exclude all tax deeds and tax titles, it would

no doubt have done so in plain, unequivocal language. There would seem to be no reason why a party who makes valuable and lasting improvements on land under a tax deed should not be paid for the same, as in other cases; and unless the statute expressly provides that no improvements shall be paid for, the claimant will be entitled to compensation. There is no such restriction in the statute, and the law should be applied alike to all—those claiming under tax deeds as well as others."

The title of defendants was derived under a void sale for unpaid taxes, and they are entitled to the benefit of the act.

For the reasons stated, the judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.