CHARLES HARRALL, PLAINTIFF IN ERROR, v. ELI GRAY, DEFENDANT IN ERROR.

1. Joinder of Actions. A cause of action to recover the possession of land, and for rents and profits, may be joined.

2. Limitation of Actions. An action for rents and profits is barred in four years, and is not limited to the time of service of summons in the action.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. R. Scott* and *J. R. Wilhite*, for plaintiff in error.

*A. Schoenheit* and *E. W. Thomas*, for defendant in error.

MAXWELL, J.

This is an action of ejectment. Judgment was rendered in the court below in favor of Gray, for the recovery of the premises in dispute, and $200.00 for rents and profits. None of the errors relied on in the motion for a new trial, to secure a reversal of the judgment in ejectment, are referred to in the plaintiff's brief, and therefore seem to be waived, and will not be considered. But it is insisted that the court erred in rendering judgment for the rents and profits of the land in dispute.

The sixth subdivision of section 87 of the code provides

that the plaintiff may unite several causes of action in one petition, whether they be such as have heretofore been denominated legal, or equitable, or both, when they are included in either of the following classes, *   *   * *   *   * " *Sixth.* Claims to recover real property with or without damages for the withholding thereof, and the rents and profits of the same."

The code has substituted for the action of trespass for *mesne* profits an action which is described as a claim for damages for the withholding of real property, and for the rents and profits. This action is limited to four years, while an action of ejectment may be brought within ten years. But such cause of action under the code may be joined with an action to recover the land. These are separate and distinct causes of action, and should be separately stated and numbered in the petition. The jury must find separately upon the issues.

It is claimed, on behalf of the plaintiff, that the fourth section of the occupying claimants act has repealed the law authorizing a recovery for rents and profits. The section reads as follows: "That the jury impaneled as above shall immediately proceed to view the premises in question, and then and there on oath or affirmation assess the value of all lasting and valuable improvements made as aforesaid on the lands in question, previous to the party receiving actual notice as aforesaid of such adverse claim, and shall also assess the damages, if any, which the said land may have sustained by waste, together with the net annual value of the rents and profits which the occupying claimant may have received from the same, after having received notice of the plaintiff's title, by the service of process, and deduct the amount thereon from the estimated value of such lasting and valuable improvements, · and said jury shall also assess the value of the land in question at the time of rendering judgment as aforesaid, without the

improvements made thereon, or damages sustained by waste as aforesaid." [Comp. Stat., 366].

It will not be claimed that the words of the section are sufficient to bar a right of action. The jury, so impaneled, are to assess, 1st. The value of lasting and valuable improvements. 2nd. The damages which the land may have sustained from waste, and the value of the rents and profits after service of summons in the action. 3rd. The value of the land without the improvements at the time judgment is rendered. If, on the trial, a recovery for the rents and profits is had up to the time of trial, the jury selected to appraise the improvements should not include in their estimate the rents and profits after the action is commenced, and if they do so, the court should order it stricken out of the finding or order a re-appraisement. In our opinion, the section referred to does not debar a plaintiff from maintaining an action to recover rents and profits for such length of time, within four years, as he may be entitled to the same. No error has been pointed out in the amount of the verdict.

It is unnecessary to discuss the question of the right of Harrall to payment for lasting improvements made on the land in dispute, as it does not appear that any request was made by him for a jury to assess the same. There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.