Fisher and others *v.* Edington and others.

FISHER and others *v.* EDINGTON and others.

(*Knoxville.* September 21st, 1886.)

1. BETTERMENTS. *Evidence of value. Weight of.*

In determining the enhancement of the value of land by improvements, the Court and Master should disregard the testimony of witnesses who depose to value of improvements, without reference to enhancement of the land thereby; and where some of the improvements are so situated as to cut off access from the front to some of the lands, they should give greater, if not controlling, weight to the evidence of witnesses who testify with reference to the location of the improvements.

(See Smithson *v.* Inman, 2 Bax., 91; Smoot *v.* Smoot, 12 Lea, 277; Greenlow *v.* Williams, 2 Lea, 541–2; Mathews *v.* Davis, 6 Hum., 327.)

2. COSTS. *Defendant recovering for improvements. Sale of land for recovery.*

Where the defendant to an ejectment bill loses the land, but recovers for improvements that he placed thereon, and a portion of the land is sold under decree in the cause to pay for the improvements, the complainants are liable for the costs of such sale.

---

FROM KNOX.

---

Appeal from the Chancery Court of Knox County. January Term, 1885. W. B. STALEY, Ch.

JAS. COMFORT for complainants.

WEBB & McCLUNG, R. N. HOOD, M. L. HALL, and HENDERSON & JOUROLMON, for respondents.

CALDWELL, J.    This is an ejectment bill in equity. At a former term of this Court complainants were allowed a recovery, and the cause was remanded to the Chancery Court of Knox County for an account with the several defendants as to rents and profits, improvements, taxes, etc.   12 Lea, 189.

The cause is here now upon certain exceptions to the report of the Master.    These exceptions relate to four different parcels of the land.

Numerous witnesses were examined by both sides upon the matter of account, and there is great conflict in their evidence.    Many of those who put the highest estimate on the improvements were contractors and house builders.    Some of them testified with reference to the value of the improvements themselves, and not with respect to the enhancement of the value of the land by reason of the improvements.

The evidence of this latter class of witnesses does not reflect any light upon the point under investigation, and should therefore have been entirely disregarded by the Master and the Chancellor.

Again, by the establishment of the exact lines, it is shown that the improvements on some of the small tracts are so situated as not to admit of ingress and egress in front of them unless a right of way should be procured over the property of adjoining land owners.

Manifestly, such improvements cannot enhance the value of the land so much as if they were situated upon different and more desirable locations.    Yet

Fisher and others *v.* Edington and others.

the location of the improvements was brought to the attention of only a part of the witnesses. Those who deposed with reference to the location placed lower estimates upon the improvements than those who did not consider the location.

Beyond question, the evidence of the former class should be given the greater, if not the controlling, influence and weight in making up the account.

Now, giving the evidence the effect indicated, we think the report and decree below should be so modified as to allow the following amounts for improvements, viz.: To James P. Ford, $450; to Wm. Sims, $325; to Joseph M. Ford, $650; to W. H. Edington, $1,000.

There should also be modifications to the extent of charging the James P. Ford place with $80 per annum and the Joseph M. Ford place with $85 per annum, as rent for said places respectively.

Decree will be entered here making these modifications, and the decree below will in all other respects be affirmed.

It was entirely proper to charge complainants with the cost of sales, because the sales were made to satisfy decrees for balances found to be due from them upon the account.

The cost of this Court will be paid proportionately by the defendants against whom modifications are made.