LEIGH R. FLETCHER V. RANDALL A. BROWN.

[FILED NOVEMBER 10, 1892.]

1. **Joinder of Actions:** EJECTMENT: RENTS AND PROFITS. An action of ejectment, under our practice, may be joined with one to recover rents and profits.

2. **Ejectment:** RENTS AND PROFITS: LIMITATIONS: OCCUPYING CLAIMANTS ACT. Damage for rents and profits may be recovered in an action of ejectment for the statutory period, prior to the service of summons therein. The special provision of the occupying claimants act, ch. 63, Compiled Statutes, applies only to rents and profits subsequent to the service of summons in the ejectment suit.

3. ———: REMEDY FOR RENTS AND PROFITS ACCRUING AFTER SERVICE OF PROCESS. Whether such special provision is exclusive as to damages for rents and profits subsequent to the service of summons in ejectment or concurrent only, *query.*

4. ———: OCCUPYING CLAIMANT: VALUE OF IMPROVEMENTS: EVIDENCE. Where an occupant of real estate, in an action of ejectment, is allowed for valuable and lasting improvements made while in possession under a claim of title, the measure of his recovery is the amount such improvements add to the value of the premises. Evidence of the cost of improvements, irrespective of their effect upon the value of the land, is inadmissible.

5. **Evidence:** TAXES PAID BY THIRD PARTY. Evidence examined, and *held* not sufficient to entitle the plaintiff in error, defendant in an action of ejectment, to recover for taxes paid by third parties.

6. ———: ———. One F. went into possession of property under a title bond executed by L., whereby the latter agreed to convey

by good and sufficient deed upon the payment of the last in-
stallment of the purchase money ten years after date.  Subse-
quently, and before payment of the purchase money, B. brought
an action of ejectment against F. to recover possession of the
premises.  *Held*, That F. could not recover against B. for taxes
paid by L. in the absence of evidence of a special assignment by
the latter.

7. Occupying Claimants: EVIDENCE examined, and *held* to sus-
tain the finding of the trial court as to the value of improve-
ments made by plaintiff in error, an occupying claimant.

ERROR to the district court for Washington county.
Tried below before HOPEWELL, J.

*W. H. Eller*, for plaintiff in error.

*W. C. Walton*, and *Charles H. Brown, contra.*

POST, J.

This was an action of ejectment in the district court of
Washington county by the defendant in error, Randall R.
Brown, to recover possession of the west half of the south-
east quarter of section 21, township 19, range 11 east, in
said county.   The petition is in the usual form in actions
of ejectment and praying judgment for damages in the sum
of $100.   The answer is a denial of title in the plaintiff
and an allegation of title in the defendant by virtue of
two tax deeds by the treasurer of Washington county;
one in favor of R. F. Beal and E. A. Allen, November 30,
1864, and the other to Victor G. Lantry, August 9, 1879.
It is also alleged that the defendant and his grantors have
paid taxes on the property in controversy since the year
1861, and that he and his immediate grantor, Lantry, have
since the year 1876, while in possession thereof, made
valuable and lasting improvements thereon, consisting of a
dwelling house, stable, out-buildings, orchards, etc., to the
value of $2,400.   The answer concludes with the prayer
for an accounting, in case the title to the premises is found
by the court to be in the plaintiff, and that the taxes paid

by the defendant and his grantor may be adjudged to be a lien thereon, and for general relief. The reply is a general denial. The case being called for trial in the district court, the cause of action was confessed by the defendant below so far as the title to the property was concerned, and the following stipulation signed by the respective parties:

" It is hereby stipulated by and between the parties hereto, that at the April term of court this defendant (plaintiff) may take judgment in his favor for possession in this cause, * * * and that the question of rents, and profits, and improvements, and such other things and differences as are set up in defendant's answer or the defendant may have, shall be continued for settlement, or until the next term of this court."

Subsequently the case was sent to a referee with instructions "to take the evidence and report upon the facts and law as to the matters in issue undisposed of by the judgment heretofore rendered in this action, being the question, on the part of the plaintiff, for the recovery of damages for the rents and profits of the land described in his petition, and the question of the recovery by the defendant of damages for taxes paid and improvements made on the same."

At a subsequent term the referee submitted his report as follows:

" 1. That defendant took a conveyance of the land from Victor G. Lantry by a bond for a deed, September 30, 1882.

" 2. That defendant took possession of the land soon after and enjoyed the rents and profits of the same for the years 1883, 1884, 1885, 1886, and 1887.

" 3. That the rental of the land was as follows: Forty-five acres worth $2.00 per acre for each of the years 1883, 1884, 1885, and worth $2.50 per acre for each of the years 1886 and 1887. Twenty-five acres worth 25 cents per acre for each of the years 1883, 1884, 1885, 1886, and 1887. The rest of the land had no rental value.

"4. That defendant placed on the land prior to February 23, 1883, and subsequent to September 30, 1882, lasting and valuable improvements of the value of $825.

"5. That there was placed on the land by Victor G. Lantry, through whom defendant claims, and prior to defendant's purchase of the land, lasting and valuable improvements of the present value of $250.

"6. That defendant placed on the land subsequent to February 23, 1883, lasting and valuable improvements of the present value of $600.

"7. That payments of taxes for the land in controversy have been made, and instruments and documents have been made and delivered, as shown in the schedule hereto attached and made a part of this report, marked 'Exhibit A,' said schedule showing tax deeds, certificates of sale for taxes, quitclaim deeds, payment of taxes, one satisfaction of bond for a deed, one redemption certificate, and one bond for a deed.

"8. That owing to the failure to plead in the answer, or owing to the fact of too much land being covered by a tax deed, or want of proof of power of attorney, or want of proof of proper assignment of interest, defendant's interest in the land in the matter of taxes is not shown clearly, except for the years 1870, 1873, 1883, 1884, 1885, and 1886.

"I make the following conclusions of law:

"1. That plaintiff is entitled for rents and profits:

"For the year 1883 to $96.25, with interest from January 1, 1884.

"For the year 1884 to $96.25, with interest from January 1, 1885.

"For the year 1885 to $96.25, with interest from January 1, 1886.

"For the year 1886 to $118.75, with interest from January 1, 1887.

"For the year 1887 to $118.75, with interest from January 1, 1888.

"2. That defendant is entitled to the sum of $1,075 in payment for lasting and valuable improvements put upon the land by himself and his grantor prior to February 23, 1883.

"3. That defendant is entitled to a lien for the taxes paid for the land for the years 1870, 1873, 1883, 1884, 1885, and 1886, as far as pleaded, with interest."

Exceptions were taken to the above findings and conclusions of law by both parties, which sufficiently appear from the decree of the court as follows:

"This action coming on for hearing on the report of the referee and objections thereto filed by the plaintiff and defendant and arguments of counsel, and the court being advised in the premises, it is ordered that the first, second, and third exceptions of the plaintiff and also the defendant to the referee's finding of fact be, and the same are hereby, overruled, and the court approves the first, second, third, fourth, and fifth findings of fact by the referee; and it is further ordered that the said plaintiff's fourth exception to the referee's first conclusion of law be, and the same is hereby, reformed to the extent that the rents and profits of the land in controversy, amounting to the sum of five hundred and ninety-five dollars and eighteen cents, to the 10th day of April, 1888, and the said finding, as reformed, is hereby approved and confirmed. It is further ordered that the plaintiff's sixth objection to the referee's third conclusion is hereby disallowed and set aside; and it is further ordered that the fifth and seventh exceptions of the plaintiff to the referee's report be, and the same are hereby, overruled; and it is further ordered that the sixth, seventh, and eighth findings of fact by the referee be, and the same are hereby, disallowed and set aside as matters immaterial to the issues involved; and it is further ordered and adjudged that the referee's second conclusion of law be, and the same is hereby, approved and confirmed. It is therefore considered by the court that the plaintiff have and recover of and from the said defendant the possession of the prem-

ises in the petition described, to-wit, the west half of the southeast quarter of section 21, in township 19, range 11 east, in Washington county, Nebraska, and that he have, and the clerk of the court is hereby ordered to issue, a writ of restitution for the possession of said premises upon the paying into the court by the plaintiff of the sum of four hundred seventy-nine dollars and seventy-two cents ($479.72), being the difference between the sum found due the defendant, to-wit, one thousand seventy-five dollars for the improvements and five hundred and ninety-five dollars and eighteen cents rents and profits due the plaintiff, as shown by the report of the referee and its modifications by the court, with interest thereon from the 10th day of April, 1888, within ninety days from the entry of this judgment."

A preliminary inquiry is suggested by briefs of counsel, viz.: Just what issues were presented for trial before the referee? The allegation of the petition with respect to damage is probably too general and would have been so construed had objection been made at a seasonable time. The charge therein is that the plaintiff has sustained damage by the unlawful withholding of possession of said premises, in the sum of $100, etc. Where damage is claimed for rents and profits the petition should contain a statement of the facts upon which such claim is based, although a general allegation is sufficient to support a judgment. (Boone, Code Pleading, 184.) But we must also look to the stipulation set out above and the order of the court for the issues. By them in express terms the whole question of rents and profits on one side and claim for taxes and improvements on the other side is submitted to the referee. Nor is the jurisdiction of the court or the regularity of its proceedings in that respect now called in question. The case therefore, as submitted to the referee for trial involved an accounting between the parties, and each was entitled to such relief as would have been allowed by the district court

as a court of equity had the same questions been₄ presented by the pleadings instead of the stipulations.

The first objection argued in this case is the allowance in favor of the plaintiff below of rent for the year 1883, which was prior to the service of any notice of his claim to the premises. This objection is founded upon the provisions of section 4 of the act approved February 28, 1883, known as the occupying claimants act. (Compiled Statutes, ch. 63.) By that section it is provided the appraisers contemplated by said act "shall assess the net annual value of the rents and profits which the occupant or claimant has received after having received notice of the successful claimant's title by service of process," etc. Had defendant in error elected to proceed in accordance with the provisions of the occupying claimants act it is clear that the inquiry of the appraisers with respect to rents and profits would have been confined to the period subsequent to the service of the summons. But, as we have already seen, the whole question of rents and profits was by stipulation submitted to the referee. The provision of the act of 1883 with respect to rents and profits is in substance identical with that of the former act on the subject. (Gen. Statutes ch. 51.)

In *Harrall v. Gray,* 12 Neb., 543, it was held that the last named act was not exclusive and that the plaintiff's damage for rents and profits was not limited to the time of the service of summons, but that he might recover in ejectment for such length of time, within four years, as the proofs show him entitled to. At common law the action of trespass for *mesne* profits could be maintained by the plaintiff in an ejectment suit after judgment in his favor, and the actions were so far separate that a judgment for nominal damage in the latter was no bar to a subsequent action for *mesne* profits. (*Van Alen v. Rogers,* 1 Johns. Cases [N. Y.], 281; *Jackson v. Wood,* 24 Wend. [N. Y.], 443.) But under the Code the two causes of action may

be joined. The occupying claimants act, however, makes no provision for assessing of damage for rents and profits *previous* to the service of summons. But that omission does not affect the plaintiff's right of recovery therefor. It is apparent that the act in question was not intended as a restriction upon the right of the plaintiff to recover in the ejectment suit his *mesne* profits up to the time of service of the summons. Whether the special provision in the act aforesaid is exclusive or concurrent only, as to rents and profits subsequent to the service of summons, is a question not presented by the record in this case. There was therefore no error in allowing rents for the year in question.

2. The district court upon the exceptions of both parties reviewed the evidence and reduced the amount of the finding of the referee for improvements to $1,075.72, which action is now assigned as error. It has been settled by repeated decisions of this court that an occupying claimant of land who has made lasting and valuable improvements thereon, under a *bona fide* claim of title derived from lawful public authority, is entitled to compensation therefor. (*Shuman v. Willetts,* 19 Neb., 705; *Page v. Davis,* 26 Id., 670.) In this connection it is important to determine, upon authority, the rule by which to assess the value of improvements in cases of this character. In 3 Sutherland on Damages, 349, 350, the rule is stated in the following language: "The improvements should be estimated in favor of the defendant at such an amount as they add to the market value of the premises." The same rule is stated by Judge Story in different language, viz., "the allowance must be measured by the benefits which the true owner will receive from the improvements." (Story's Eq. Jur., sec. 799; see also 1 Sedgwick, Damages, 258, note; *McMurray v. Day,* 70 Ia., 671; *Fisher v. Edington,* 85 Tenn., 23; *Thomas v. Quarles,* 64 Tex., 491; *Pacquette v. Pickness,* 19 Wis., 219.) Tested by the rule above stated, which we have no doubt is the sound one, there is no error

in the ruling complained of. The referee had, over the objection of the plaintiff below, permitted the defendant to prove the cost of the improvements made by himself and Lantry through whom he claims, irrespective of their effect upon the value of the land. This evidence the court evidently rejected, since the amount allowed is about the average estimate of defendant's witnesses when examined with reference to the value of the land with and without the improvements. The finding of the court is clearly in accordance with the weight of evidence, and no sufficient reason is given for reversing it in this court.

3. The next contention is that the referee and the court erred in rejecting the claim of the defendant below for taxes for the years not enumerated in the referee's conclusions of law. The evidence of title in defendant is:

(1) Treasurer's deed, to Roger T. Beal and Edwin A. Allen, September 30, 1863.

(2) Treasurer's deed, to Roger T. Beal and Edwin A. Allen, November 21, 1864.

(3) Quitclaim deed, Beal and Allen to Victor G. Lantry, April 10, 1875.

(4) Treasurer's deed, to Rice Arnold, August 20, 1878.

(5) Treasurer's deed, to V. G. Lantry, August 9, 1876, for taxes of 1870.

(6) Treasurer's deed, to V. G. Lantry, August 9, 1876, for taxes of 1872.

(7) Quitclaim deed, Rice Arnold to defendant, March 31, 1888.

(8) Bond for a deed, Victor G. Lantry to Leigh R. Fletcher, defendant, dated September 30, 1882.

By the terms of the last named instrument Lantry agrees to sell and convey the property in controversy to the defendant for $1,350, payable as follows: $825 on January 15, 1883, $400 five years after date, and $125 ten years after date, all bearing interest at eight per cent per annum. It appears affirmatively from the evidence in the

bill of exceptions that no conveyance of the title to the property by Lantry to defendant has been attempted, nor is there any pretense that the latter has paid the amount named to entitle him to a deed. There is no evidence whatever of an assignment by Lantry to defendant of any claim for taxes, hence the rights of the latter, whether legal or equitable, must be referred to the title bond. There was therefore no error in rejecting the claim for taxes paid by Lantry. The judgment of the district court, so far as it recognizes the right of defendant to recover under the occupying claimants act, is evidently based upon the tax deed to Arnold, for it is plain that it could be sustained upon no other ground. Whatever may be the rights of Lantry with respect to taxes paid by himself or Beal and Allen, that cause of action, so far as this record discloses, remains his property.

The record discloses that the taxes from 1870 to 1882, inclusive of both years except for the year 1874, were paid by C. P. Lamar, S. S. Smith, and C. McMenemy, but we find in the record no assignment to defendant of the claim of either of the parties named, nor has plaintiff in error in his brief pointed out to us wherein any such privity exists as will entitle him to recover for taxes so paid.

4. It is contended that the referee should have been directed to find the value of the land in September, 1882, at the time defendant entered. The defendant is not prejudiced by the failure to so find for the reason as has already been stated, that he did not elect to proceed under the occupying claimants act, but permitted the trial to proceed as upon an accounting in equity.

5. Counsel for defendant in error in their brief have assailed the rule announced in *Page v. Davis*, 26 Neb., 670, and insist that one who holds only by virtue of a tax title adjudged to be void is not by any fair or reasonable construction of the occupying claimants act entitled to the benefit of its provisions. We have no occasion to discuss

that question, since the case comes into the court upon the petition in error by Fletcher, the defendant below, and the judgment must be affirmed on other grounds. Had Brown, the plaintiff below, desired to have the judgment reviewed he should have filed his petition in error. As it is, he is presumed to be satisfied with the judgment. There being no error in the record prejudicial to the plaintiff in error the judgment of the district court is

AFFIRMED.

THE other judges concur.