JACK WICKER, APPELLEE, V. RONALD WALDEMATH, DOING BUSINESS AS WALDEMATH FARMS, INC., APPELLEE, AND ARTHUR VOGEL, APPELLANT.

471 N.W.2d 731

Filed July 5, 1991.    No. 88-930.

Richard H. Hoch, of Hoch & Steinheider, for appellant.

Charles D. Hahn and Louie M. Ligouri for appellee Wicker.

HASTINGS, C.J., WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

GRANT, J.

Defendant Arthur Vogel appeals from a judgment entered on a jury verdict finding that plaintiff-appellee, Jack Wicker, had "the right of possession" to certain land adjacent to the Missouri River. Wicker's "Petition in Ejection" prayed for "judgment for delivery of possession of the [land], for an accounting, for damages for withholding possession of such premises, for a writ of assistance to place the Plaintiff in possession . . . and for costs . . . ."

In Vogel's amended answer and counterclaim, he asserted that he owned the land pursuant to a Missouri title. He claimed that even if the land was legally located in Nebraska, he owned the land by adverse possession. Vogel also asserted in his amended answer and counterclaim that he had a lawful right to all rents and profits.

At trial, Vogel testified that he had purchased the disputed parcel from his father in the early 1960's. He testified that his father had farmed the land since the 1930's.

Wicker based his claim of ownership on a treasurer's tax deed which he acquired from the treasurer of Otoe County, Nebraska, on June 29, 1984, after paying delinquent property taxes. The owner of record in Nebraska before that time was a Timothy Crook, who had acquired his title in 1956.

The parcel of land in question apparently has two chains of title, one in Nebraska and one in Missouri. In 1867, when Nebraska gained statehood, the parcel was in Nebraska, west of the river channel. Over the next century, the course of the river changed, leaving the parcel in question submerged at times, and at times on the east side of the river. At the present time, about half of the parcel remains submerged.

On September 22, 1988, the district court set a trial date in an order also containing the following language:

The Petition uses the words ". . . for an accounting, for

damages for withholding possession. . ." The statute provides for damages for withholding possession of the premises. An accounting procedure is an equity procedure and unsuitable for presentation to a jury as it requires multiple hearings.

If you are asking for an accounting, the Court will bifurcate the trial. If you are asking for damages for withholding possession, then that may be tried at the same trial.

The record does not contain an order determining which approach was to be followed. In fact, after the trial, the trial court made the following journal entry on October 21, 1988: "Court discusses issue of damages and whether to be handled as an accounting (equity) or damages for withholding possession (law). Counsel to contact clients and advise Court on any potential settlement."

In this connection, we note that we have held: " '[I]n order to be entitled to the equitable remedy of an accounting, it is necessary to show a fiduciary or trust relationship between the parties or a complicated series of accounts making the remedy at law inadequate.' " *Jackson v. County of Douglas*, 223 Neb. 65, 68, 388 N.W.2d 64, 66 (1986), quoting from *Lustgarten v. Jones*, 220 Neb. 585, 371 N.W.2d 668 (1985). This case presents neither of those situations.

On its own motion, the court ordered a bifurcated trial. The issue of ejectment was tried before a jury on October 3 and 4, 1988. The issue of rents and profits was retained for later resolution, as indicated by the trial orders and journal entries of September 22 and October 21, 1988. The jury returned a verdict in favor of Wicker.

On October 12, before the court entered judgment on the verdict, defendant Vogel filed a motion for judgment notwithstanding the verdict and a motion for new trial. On October 13, 1988, the court entered its judgment order directing that the sheriff place the plaintiff in possession of the premises.

The motion for judgment notwithstanding the verdict and the motion for new trial were both argued on October 21. The court denied the motions, as is reflected by the court's October 21 docket entry. Defendant Vogel filed a notice of appeal with

this court. Defendant's brief sets out five assignments of error, each of which sets out alleged error in the conduct of the trial.

We first must note that this court has recognized that a plaintiff may seek rents and profits in an ejectment action. See, *Fletcher v. Brown*, 35 Neb. 660, 53 N.W. 577 (1892); *Harrall v. Gray*, 12 Neb. 543, 11 N.W. 851 (1882). See, also, Neb. Rev. Stat. § 25-701(6) (Reissue 1989). The evidence shows that defendant Vogel leased the land in question to Ronald Waldemath, now deceased, for 2 years prior to the commencement of this action. However, no attempt was made to resolve plaintiff's claim for rents and profits.

Before addressing the merits of this purported appeal, this court must raise on its own motion the question of jurisdiction. See *Larsen v. Ralston Bank*, 236 Neb. 880, 464 N.W.2d 329 (1991).

We have said:

> In the absence of a judgment or order finally disposing of a case, the Supreme Court has no authority or jurisdiction to act, and in the absence of such judgment or order the appeal will be dismissed. *Lewis v. Craig, ante* p. 602, 463 N.W.2d 318 (1990).

> To be final, an order must dispose of the whole merits of the case and must leave nothing for the further consideration of the court. Thus, when no further action of the court is required to dispose of a pending cause, the order is final. However, if the cause is retained for further action, the order is interlocutory. *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989). Furthermore, if a party's substantial rights are not determined by the court's order and the cause is retained for further action, the order is not final. *Lewis v. Craig, supra*; *Martin v. Zweygardt*, 199 Neb. 770, 261 N.W.2d 379 (1978).

*Larsen, supra* at 883, 464 N.W.2d at 332.

In this case, the appeal was prosecuted before any resolution of the issue of rents and profits. Consequently, the court did not dispose of the whole merits of the case, and thus there was no final order which could be appealed. See, also, *Grantham v. General Telephone Co.*, 187 Neb. 647, 193 N.W.2d 449 (1972) (appeal dismissed where trial court determined that

construction of defendants' building next to plaintiffs' building caused physical damage to plaintiffs' building, but did not dispose of issue of lost profits); *Hart v. Ronspies*, 181 Neb. 38, 146 N.W.2d 795 (1966) (appeal dismissed where court determined issue of defendant's negligence but reserved ruling on issue of damages).

There is no final order in this case. The appeal is dismissed as premature.

APPEAL DISMISSED.