GRACE L. OLSEN, APPELLANT AND CROSS–APPELLEE, V. HAROLD
C. OLSEN, APPELLEE AND CROSS–APPELLANT.

534 N.W.2d 762

Filed July 21, 1995.   No. S–93–908.

Paul E. Hofmeister, of Van Steenberg, Chaloupka, Mullin, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellant.

Robert M. Harris, of Harris & Lippstreu, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

Appellant, Grace L. Olsen, and appellee and cross–appellant, Harold C. Olsen, were divorced in 1979. The decree dissolving the parties' marriage was issued by the district court for Kimball County. In 1990, Grace Olsen sued Harold Olsen in the district court for Banner County, claiming that a mineral deed she received pursuant to their marriage dissolution action failed to convey all of the mineral rights granted to her by the divorce decree. In her petition, Grace Olsen requested declaratory relief regarding her interest in the mineral rights under the divorce decree and mineral deed, that title to the mineral rights be quieted in her, that the mineral deed be reformed to provide for what she was entitled to by the divorce decree, and an accounting. By agreement of the parties, the accounting was bifurcated for trial from the other issues. The district court quieted title to certain mineral rights in Grace Olsen. However, the district court found Grace Olsen guilty of laches and quieted title in her as of February 6, 1990, the date of her original petition in this action, rather than the date of the divorce decree. The district court held in favor of Harold Olsen in the declaratory judgment and reformation claims. Both parties have appealed, and this matter is now before us while the accounting issue is still pending before the district court. Therefore, these appeals are from an interlocutory order and we must dismiss them.

## BACKGROUND

The parties' property settlement agreement, entered into in contemplation of the dissolution of their marriage, provided that Grace Olsen would receive an undivided one–half interest in all of the oil, gas, and minerals then owned by Harold Olsen. The decree of dissolution, dated February 6, 1979, approved the parties' property agreement. Neither the decree nor the property agreement contained any legal description of Harold Olsen's mineral interests. The decree directed the parties to execute and deliver the necessary documents to consummate the property agreement.

On August 15, 1979, Grace Olsen's attorney prepared a mineral deed which purported to put into effect the property

agreement's division of the mineral interests. The mineral deed was prepared using legal descriptions that Grace Olsen had obtained from Harold Olsen's sister.

Sometime in 1984, Grace Olsen became aware that the mineral deed inaccurately described some mineral interests and omitted other interests owned by Harold Olsen at the time of the decree. For several years, Harold Olsen promised to sign a corrected mineral deed but repeatedly delayed actual execution. Ultimately, this action ensued.

In her fourth amended petition, filed January 21, 1991, Grace Olsen alleged four counts which can generally be described as an action for declaratory judgment, quiet title, reformation of the mineral deed, and an accounting. In his answer, Harold Olsen defended on various grounds, including that the action was barred by the statute of limitations and laches and that the original mineral deed was intended to modify the terms of the dissolution decree.

The district court stayed trial on the accounting issue pending its decision on the first three issues. After a bench trial, both parties' motions for a new trial were denied. Grace Olsen appealed and Harold Olsen cross-appealed to the Nebraska Court of Appeals. By order of this court, the case was removed to our docket.

## ASSIGNMENTS OF ERROR

Appellant, Grace Olsen, asserts that the district court erred in finding that the effective date for quieting title was February 6, 1990, in finding that she was guilty of laches, and in finding for Harold Olsen on the declaratory judgment and reformation counts.

In his cross-appeal, Harold Olsen asserts that the district court erred in failing to find that Grace Olsen's action was barred by the statute of limitations and laches.

## STANDARD OF REVIEW

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995); *Fritsch v.*

*Hilton Land & Cattle Co.*, 245 Neb. 469, 513 N.W.2d 534 (1994). In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *Barks v. Cosgriff Co., supra*; *Fritsch v. Hilton Land & Cattle Co., supra*.

## ANALYSIS

In her fourth amended petition, filed in Banner County, Grace Olsen separated her averments into what she alleged were four causes of action. A cause of action consists of the fact or facts which give one a right to judicial relief against another. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 244 Neb. 408, 507 N.W.2d 275 (1993). A theory of recovery is not itself a cause of action. *St. Paul Fire & Marine Ins. Co., supra*.

Whether more than one cause of action is stated depends mainly upon whether more than one primary right or subject of controversy is presented and also upon whether recovery on one ground would bar recovery on the other, whether the same evidence would support the different counts, and whether separate actions could be maintained for separate relief. *Hoiengs v. County of Adams, supra*.

The subject of controversy here is title to mineral rights. Grace Olsen's interest in the mineral rights is based on the divorce decree of the district court for Kimball County, which approved the parties' agreement in contemplation of divorce. In the four different counts that Grace Olsen pled, including the quiet title action, she essentially sought to have the divorce decree construed and enforced and to receive an accounting of the proceeds due her under the decree. In so doing, Grace Olsen stated one cause of action supported by four theories of recovery.

Although the decree did not specifically identify the mineral interests, it did convey an undivided one-half interest in all of the mineral interests owned by Harold Olsen at the time of the divorce from Grace Olsen. When a judgment or decree is rendered for a conveyance and the party against whom the judgment or decree is rendered does not comply therewith, the

judgment or decree shall have the same operation and effect and be as available as if the conveyance had been executed conformable to the judgment or decree. Neb. Rev. Stat. § 25-1304 (Reissue 1989). "Construction" of the divorce decree was unnecessary. The fact that the mineral deed purportedly conveyed less than a one-half interest in the mineral interests granted her by the divorce decree does not deprive her of those interests. An accounting action on the decree is the only issue. The accounting action, still pending before the district court, is all that is necessary to effectuate the decree.

In his brief, Harold Olsen asserts that this court must dismiss the appeals because they are not appeals from a final order. We agree.

An order affecting a substantial right in an action, when such order determines the action and prevents a judgment, is a final order which may be vacated, modified, or reversed. Neb. Rev. Stat. § 25-1902 (Reissue 1989). To be final, an order must dispose of the whole merits of the case. When no further action of the court is required to dispose of a pending cause, the order is final. If the cause is retained for further action, the order is interlocutory. *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991); *Brozovsky v. Norquest*, 231 Neb. 731, 437 N.W.2d 798 (1989). "Generally, an interlocutory summary adjudication of liability alone, which does not decide the question of damages, is not appealable." *Jaramillo v. Mercury Ins. Co.*, 242 Neb. 223, 237, 494 N.W.2d 335, 345 (1993), citing *Hart v. Ronspies*, 181 Neb. 38, 146 N.W.2d 795 (1966).

In *Bass v. Dalton*, 213 Neb. 360, 329 N.W.2d 115 (1983) (*Bass v. Dalton I*), we reviewed assignments of error arising from the dissolution of a medical partnership. When we decided *Bass v. Dalton I*, the trial court had construed the partnership agreement and had ordered an accounting. However, the accounting had not been conducted prior to the appeal. After remand, the trial court adjudicated the accounting as mandated by this court. A second appeal, assigning errors arising from the accounting, ensued. *Bass v. Dalton*, 218 Neb. 379, 355 N.W.2d 225 (1984) (*Bass v. Dalton II*). In *Bass v. Dalton II*, we noted that our review of the first appeal had been premature and

therefore improvident. Since the trial court had ordered an accounting which had not yet been conducted, no final order had been entered at the time of *Bass v. Dalton I*. Substantial rights of the parties remained undetermined, and the order was interlocutory. Our oversight in addressing the first appeal caused us to review the issues presented in the matters of *Bass v. Dalton* in a piecemeal fashion, a result we noted that we wished to avoid in the future.

In *Wicker v. Waldemath, supra*, the defendant appealed from a judgment finding that the plaintiff had the right of possession to disputed land. The trial court had ordered a bifurcated trial on the issue of ejectment and the issue of an accounting or damages for rents and profits. The appeal was prosecuted before the resolution of the issue of damages or an accounting. We held there was no final order which could be appealed and dismissed the appeal as premature.

In this case, the district court stayed trial on the accounting or damages issue pending its decision on the first three theories of recovery. The parties have prosecuted their appeals before the resolution of their cause of action. Thus, according to *Bass v. Dalton II, supra*, and *Wicker v. Waldemath, supra*, the order of the district court before us is not final. The appeals are therefore dismissed.

## CONCLUSION

Consideration of the issues presented by these appeals would be premature and improvident, and they must be dismissed.

APPEAL DISMISSED.