EVELYN A. O'CONNOR, APPELLEE, V. DAVID A. KAUFMAN AND VIRGINIA L. KAUFMAN, APPELLANTS.

582 N.W. 2d 350

Filed July 24, 1998.    No. S-97-860.

John P. Weis, of Sorensen & Zimmerman, P.C., for appellants.

James Duffy O'Connor, of Maslon, Edelman, Borman & Brand, L.L.P., and Steven C. Smith, of Van Steenberg, Chaloupka, Holyoke, Pahlke, Smith, Snyder & Hofmeister, P.C., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

The question in this case is whether an order sustaining a motion for partial summary judgment, which grants a permanent injunction but reserves the issue of monetary damages for later disposition, is a final, appealable order pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 1995).

Evelyn A. O'Connor initially filed suit in Scotts Bluff County District Court, alleging ownership of an implied easement for the use of a water well located on David A. Kaufman and Virginia L. Kaufman's property. The Kaufmans responded by filing a motion for summary judgment, which the district court sustained. O'Connor appealed to the Nebraska Court of Appeals, and the appeal was transferred to the Nebraska Supreme Court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). On appeal, we reversed the district court's judgment and remanded the cause for trial. See *O'Connor v. Kaufman*, 250 Neb. 419, 550 N.W.2d 902 (1996).

On remand, O'Connor filed a second amended petition and again claimed an interest in the Kaufmans' real property, this time via an implied easement from a former use. O'Connor prayed for an order adjudging her the owner of an implied easement on the Kaufmans' land for use of the well, enjoining the Kaufmans to reinstate the well, permanently enjoining the Kaufmans from interfering with O'Connor's use of the well, and awarding O'Connor $12,811.73 in damages. O'Connor also filed a motion for partial summary judgment relative to the existence of the implied easement, specifically requesting an order that would decide each issue except for monetary damages. The Kaufmans responded by denying the existence of an implied easement and alleged that if any type of an implied easement existed, such an easement had been abandoned by O'Connor's actions. The district court sustained O'Connor's motion for par-

tial summary judgment and further ordered that "the remaining issues for trial, those of damages, will be heard by the court as they have been previously scheduled."

When the district court granted O'Connor's motion and scheduled the damages issue for trial, the Kaufmans filed a motion for new trial, which the court denied. The Kaufmans then filed an appeal with the Court of Appeals, and the court denied jurisdiction for lack of a final, appealable order. See *O'Connor v. Kaufman*, 6 Neb. App. 382, 574 N.W.2d 513 (1998). The Kaufmans subsequently filed a petition for further review, and on September 26, 1997, this court requested the parties to brief the issue of whether this court has jurisdiction over the appeal.

Neb. Rev. Stat. § 25-1911 (Reissue 1995) provides for appellate review of final orders. A final order is defined as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment . . . ." § 25-1902. Essentially, then, there are three types of final orders which may be reviewed on appeal. The three types are (1) an order which affects a substantial right in an action and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 509 N.W.2d 618 (1994). This case potentially involves either the first or the second category of final, appealable orders.

To constitute a final, appealable order under the first category, the case must involve an order which affects a substantial right in an action and which determines the action and prevents a judgment. In *Rohde, supra*, we stated:

> To be a "final order" under the first type of reviewable order, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending

cause; however, if the cause is retained for further action, the order is interlocutory.

244 Neb. at 868-69, 509 N.W.2d at 623. See, also, *Olsen v. Olsen*, 248 Neb. 393, 397, 534 N.W.2d 762, 765 (1995) (holding that "[t]o be final, an order must dispose of the whole merits of the case. When no further action of the court is required to dispose of a pending cause, the order is final. If the cause is retained for further action, the order is interlocutory").

In the case at bar, the order granting the motion for partial summary judgment resolved the permanent injunction issue but left unresolved the monetary damages issue; thus, the order did not dispose of the whole case. As a consequence, the order did not determine the action and prevent a judgment and, in turn, is not a final, appealable order under the first category. See, *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997); *Larsen v. Ralston Bank*, 236 Neb. 880, 464 N.W.2d 329 (1991); *Voyles v. DeBrown Leasing, Inc.*, 222 Neb. 250, 383 N.W.2d 36 (1986); *Blankenship v. Omaha P. P. Dist.*, 195 Neb. 170, 237 N.W.2d 86 (1976).

To constitute a final, appealable order under the second category, the order must affect a substantial right made during a special proceeding. *Jacques, supra*; *Rohde, supra*. That a substantial right is involved in this case goes without saying. However, the more pertinent question is whether an order granting a motion for partial summary judgment involves a "special proceeding." *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). In *In re Interest of R.G.*, 238 Neb. 405, 412, 470 N.W.2d 780, 787 (1991), we stated that

"[a] special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally a step in an action as part of it. None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and conduct it to a final hearing and judgment can be a special proceeding within the terms of the statute. A special proceeding may be connected with an action in the sense that the application for the benefit of it and the other papers and orders concerning it may be filed in the case where the record of the filings in the action are [sic]

made—as for instance garnishment or attachment—but it is not an integral part of or a step in the action or as it is sometimes referred to in such a situation a part of the 'main case.'. . ." (Quoting *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953) (Boslaugh, J., concurring).) We have also stated that an "action" involves prosecuting the alleged rights between the parties and ends in a final judgment, whereas a special proceeding does not. *State v. Jacques, supra; In re Interest of R.G., supra.*

We find that a motion for partial summary judgment is not an "action," as the grant or denial of such a motion does not end in a final judgment. One or several issues still remain for adjudication. Nonetheless, while a motion for partial summary judgment is not in and of itself an "action," such an order is merely a step or proceeding within the overall action. The grant of a motion for partial summary judgment merely resolves one or several of the issues involved in the entire action or the "main case." *In re Interest of R.G., supra.* A motion for partial summary judgment is not a special remedy or a special application to the court, as is a special proceeding, but, rather, is merely one particular tool that may be used to resolve certain issues in the case. Therefore, we find that the district court's order was not a final, appealable order under the second category because the motion for partial summary judgment did not involve a special proceeding.

The Kaufmans asserted during oral argument that our holding in *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996), supports the proposition that the grant of a motion for partial summary judgment is a special proceeding. Comparing the facts herein with those in *Currie* demonstrates the distinction between the two cases. The issue here is whether the grant of a motion for *partial* summary judgment constitutes a final order, while *Currie* dealt with a grant of summary judgment on the plaintiffs' entire claim, leaving only defendant's counterclaim pending. In *Currie*, the plaintiffs' claim was fully adjudicated and there was nothing left to be decided. *Currie* did not address whether the grant of a motion for partial summary judgment constitutes a "special proceeding" because the summary judgment in *Currie* was not partial, but, rather, complete.

*Currie* also quotes *Otteman v. Interstate Fire & Cas. Co., Inc.*, 171 Neb. 148, 105 N.W.2d 583 (1960), for the proposition that " '[t]here can be little doubt that the summary judgment process as defined by statute is a special proceeding.' " *Currie*, 250 Neb. at 881, 553 N.W.2d at 475. In *Otteman*, the defendant filed a motion for summary judgment which the district court granted, dismissing the plaintiff's petition. Plaintiff subsequently filed a motion for new trial, which the court granted. Defendant appealed from the order sustaining plaintiff's motion for new trial. The issue on appeal was whether the order vacating the summary judgment and granting the new trial was a final, appealable order. In resolving this issue, the *Otteman* court made the bald assertion that the summary judgment process is a special proceeding. However, the remainder of the opinion regarding final, appealable orders addressed whether a substantial right had been affected, not special proceedings. Nowhere in the court's opinion can this court glean any indication that the *Otteman* court was suggesting that an order granting a motion for partial summary judgment is a special proceeding. More importantly, the issue in *Otteman* was wholly dissimilar to the issue in the case at bar. *Otteman* addressed whether an order sustaining a motion for new trial and vacating a prior order granting a motion for summary judgment was a final, appealable order, whereas the case at bar addresses a motion for partial summary judgment. Therefore, we find that as in *Currie*, *Otteman* lends no support to the Kaufmans' contention that a motion for partial summary judgment constitutes a special proceeding.

To the extent that *Currie, supra*; *Otteman, supra*; and any other case holds that a summary judgment proceeding is a special proceeding, those cases are hereby limited in application to situations involving motions for summary judgment and not those situations involving motions for partial summary judgment.

In addition, *Currie* also cites *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), as listing *Grantham v. General Telephone Co.*, 187 Neb. 647, 193 N.W.2d 449 (1972), as a case holding that the summary judgment process involves a special proceeding. *In re Interest of R.G.* does, in fact, cite *Grantham* as

a case holding that a motion for summary judgment is a special proceeding. However, upon reading *Grantham*, it is clear that the *In re Interest of R.G.* court overlooked the facts present in that case.

In *Grantham*, the plaintiffs alleged that the defendants constructed a building next to the plaintiffs' existing building, causing physical damage and loss of business profits. The defendants answered generally and moved for summary judgment. In the recitation of the facts, the *Grantham* court stated, "The district court sustained the motions for summary judgments on the issue of physical damage. On the issue of lost profits, however, the court overruled the motions. The journal order stated that liability on the latter issue remained a jury question as to all defendants." *Grantham*, 187 Neb. at 647, 193 N.W.2d at 450. In determining that the matter was not a final, appealable order, the court stated that "[o]rdinary burdens of trial are insufficient for us to classify an otherwise interlocutory or *partial summary judgment* with orders that affect substantial rights." (Emphasis supplied.) *Id.* at 648, 193 N.W.2d at 450. However, nowhere in *Grantham* did the court suggest that the grant of the motion for partial summary judgment was a special proceeding. As such, *Currie*'s reliance on *Grantham* is misplaced, considering the fact that *Grantham* did not involve a motion for summary judgment, but, rather, a motion for partial summary judgment where the court rejected the matter for lack of a final, appealable order. Therefore, to the extent that *In re Interest of R.G.* suggests that *Grantham* held that the grant of a motion for partial summary judgment is a special proceeding, *In re Interest of R.G.* is hereby disapproved.

The conclusion we reach today is supported by numerous cases in which we have consistently refused jurisdiction for want of a final, appealable order in situations nearly identical to the case at bar. For example, in *Hart v. Ronspies*, 181 Neb. 38, 146 N.W.2d 795 (1966), we denied jurisdiction where the district court rendered partial summary judgment for plaintiff on the issue of defendant's negligence but reserved for trial the issues of contributory negligence, proximate cause, and damages. Similarly, in *Grantham, supra*, we denied jurisdiction where the district court sustained a motion for partial summary

judgment on the issue of physical damage to property but reserved the issue of lost business profits. Likewise, in *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991), we denied jurisdiction where the district court sustained a motion for partial summary judgment on the issue of ejectment but retained the issue of rents and profits for later resolution. In *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995), we denied jurisdiction where the district court sustained a motion for partial summary judgment, quieting title to mineral rights, but reserved the accounting or damages issue. Most recently, in *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997), we denied jurisdiction where the district court entered partial summary judgment on the issue of the defendants' liability but retained the issue of damages for later disposition. See, e.g., *Burroughs Corp. v. James E. Simon Constr. Co.*, 192 Neb. 272, 220 N.W.2d 225 (1974) (stating that partial summary judgment, being in nature of interlocutory order, is not final order or judgment which is appealable). See, also, *McCoy v. Hines*, Nos. 495, 497, 1990 WL 155771 (Ohio App. Oct. 17, 1990) (unpublished opinion) (holding that order granting permanent injunction that established easement over undedicated roadway but reserved adjudication of damages for later disposition was not final, appealable order).

The order granting the motion for partial summary judgment was not final and appealable. Therefore, the Court of Appeals lacked jurisdiction to address the Kaufmans' appeal and correctly refused to address the issue. We affirm the determination of the Court of Appeals.

AFFIRMED.

CAPORALE, J., concurring.

I agree with the majority's judgment but write separately to clarify that no special proceeding was involved in *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); the summary judgment was final and appealable because it affected a substantial right in an action by determining the action insofar as the plaintiff's cause was concerned.

I also wish to make reference to two other cases which help define the circumstances under which a so-called partial summary judgment is final and appealable. Perhaps the most suc-

cinct statement of the underlying principle is found in *Larsen v. Ralston Bank*, 236 Neb. 880, 883, 464 N.W.2d 329, 332 (1991): "Whether a partial summary judgment is a final and appealable order depends upon its effect." As the judgment in *Larsen* made factual findings but did not adjudicate the case, it was held to not be final and appealable. Conversely, the so-called partial summary judgment in *Blankenship v. Omaha P. P. Dist.*, 195 Neb. 170, 237 N.W.2d 86 (1976), dismissing the suit which had been brought on behalf of a purported class without prejudice to the individual plaintiff to sue on his own behalf, was held to be final and appealable, as it determined the merits of the individual plaintiff's claim to represent the class and thus directly affected much of the relief he sought.

I have used the term "so-called" because it would seem that no judgment which fully adjudicates a matter can accurately be described as partial. In any event, as noted in my concurrence in *Larsen, supra*, given the grave consequence of a mistaken determination by a party that a summary judgment, partial or otherwise, is not appealable, it is to be anticipated that litigants will appeal prematurely rather than run the risk of not being able to appeal at all. The parties' interests here would have been better served had the Kaufmans filed a motion for new trial and the trial court delayed ruling thereon until the matter of damages had been finally adjudicated. Then all questions, if any, could have been appealed at one time.

STEPHAN, J., joins in this concurrence.