587 N.W.2d 543 (1998)
255 Neb. 845
CHARLES VRANA & SON CONSTRUCTION COMPANY, INC., a Nebraska corporation, appellee,
v.
STATE of Nebraska, DEPARTMENT OF ROADS, appellant.
No. S-97-570.
Supreme Court of Nebraska.
December 31, 1998.
*544 Don Stenberg, Attorney General, John E. Brown, and Gary R. Welch, Lincoln, for appellant.
Joseph E. Jones, Michael F. Coyle, and Travis S. Tyler, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, for appellee.
HENDRY, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
CONNOLLY, J.
This action comes to us by way of a petition to bypass. Appellee, Charles Vrana & Son Construction Company, Inc. (Vrana), brought an action against appellant, State of Nebraska, Department of Roads (State), pursuant to contract and then filed a motion for partial summary judgment, which was granted. The State now appeals to this court the trial court's order granting partial summary judgment. Because a partial summary judgment proceeding is not a special proceeding, the trial court's order was not final, and we are without jurisdiction to hear this appeal. Therefore, we dismiss.

BACKGROUND
Vrana contracted with the State to reconstruct eight-tenths of a mile of Capehart Road and two bridges in Sarpy County, Nebraska. The contract required that the work be completed in 412 calender days; however, the work was completed in 708 calendar days.
The contract provided for liquidated damages in the sum of $875 per calendar day the work remained incomplete beyond the 412day time period allowed. The contract also contained incentive and disincentive provisions *545 which provided that Vrana receive $4,700 per calender day that the work was completed prior to the expiration of the 412day time period, to a maximum of $94,000, or that Vrana pay $4,700 per calender day that the work remained incomplete beyond that time period, with no maximum imposed.
Vrana brought this action, alleging that Vrana had performed all its obligations under the contract and that the State had failed to pay Vrana $208,393.11, an amount still outstanding with certain additions and change orders, pursuant to the contract. Vrana prayed for payment in that amount, interest thereon, and attorney fees and costs.
The State counterclaimed, alleging that Vrana owed the State $210,000 pursuant to the contract's liquidated damages provision and $755,700 pursuant to the contract's disincentive provision. The State prayed for payment in that amount, less $197,942.30 retained, and attorney fees and costs.
Vrana filed a motion for partial summary judgment, alleging that there were no issues of material fact in regard to the portion of the State's counterclaim praying for $755,700 pursuant to the disincentive provision. At the hearing on the motion, Vrana argued that the disincentive provision constituted a penalty as a matter of law and, thus, was void. The trial court found that the provision did indeed constitute a penalty and granted Vrana's motion for partial summary judgment.

ASSIGNMENTS OF ERROR
The State asserts that the trial court erred in (1) determining that the disincentive provision of the contract constituted a penalty and was therefore void; (2) determining that the disincentive provision of the contract, rather than the liquidated damages provision of the contract, should be declared void because of the court's determination that both contract provisions attempted recovery of the same damages; and (3) finding that there was no issue of material fact regarding the computation, assessment, and recovery of liquidated damages by the State.

SCOPE OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. Bonge v. County of Madison, 253 Neb. 903, 573 N.W.2d 448 (1998).

ANALYSIS
Vrana filed a motion for summary dismissal, asserting that this court was without jurisdiction to hear this appeal because the trial court's order granting Vrana's motion for partial summary judgment was not a final order. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. State ex rel. Fick v. Miller, 252 Neb. 164, 560 N.W.2d 793 (1997). Thus, we must determine whether the trial court's order granting Vrana's motion for partial summary judgment was a final order. If not, we are without jurisdiction to hear this purported appeal.
An order is final if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. See O'Connor v. Kaufman, 255 Neb. 120, 582 N.W.2d 350 (1998).
It is clear and undisputed that the order in the instant case affected a substantial right. It is likewise clear and undisputed that the order was not entered after judgment and, thus, was not made on summary application in an action after judgment was rendered. See In re Interest of R.G., 238 Neb. 405, 470 N.W.2d 780 (1991), disapproved on other grounds, O'Connor v. Kaufman, supra. Finally, it is also clear and undisputed that the order did not determine the action and prevent a judgment, since the order disposed of only one of the State's counterclaims and none of Vrana's claims. See O'Connor v. Kaufman, supra. Thus, we must determine whether the order in the instant case was made during a special proceeding.
*546 In O'Connor v. Kaufman, we held that a partial summary judgment proceeding is not a special proceeding. See, also, Burroughs Corp. v. James E. Simon Constr. Co., 192 Neb. 272, 220 N.W.2d 225 (1974) (holding that partial summary judgment is not final appealable order). We stated that a partial summary judgment "merely resolves one or several of the issues involved in the entire action or the `main case.'" O'Connor v. Kaufman, 582 N.W.2d at 354. In the instant case, the trial court's summary judgment order disposed of the State's counterclaim only as to the damages sought by the State in regard to the disincentive provision of the contract. The summary judgment order did not dispose of the damages sought by the State in regard to the liquidated damages provision, nor did it dispose of the State's request for attorney fees and costs. Moreover, the order did not dispose of any of Vrana's claims. Thus, the trial court's order granted partial summary judgment. Accordingly, we conclude that the order in the instant case was not made during a special proceeding.
Because the order in the instant case was not made during a special proceeding, the trial court's order was not final, and we are without jurisdiction to hear this appeal.

CONCLUSION
We are without jurisdiction to hear this appeal because the trial court has not issued a final order. Therefore, we dismiss.
APPEAL DISMISSED.