THOMAS J. HAKE AND JANET A. HAKE, APPELLEES, V.
WELDON W. HAKE AND WILMA HAKE, ET AL., APPELLANTS.
594 N.W.2d 648

Filed May 4, 1999.   No. A-98-149.

Dennis W. Collins and Scott A. Gray, of Jewell, Collins & DeLay, for appellant Farm Credit Bank of Omaha.

Rodney W. Wetovick, of Wroblewski Law Office, for appellees.

MUES, INBODY, and CARLSON, Judges.

MUES, Judge.

### INTRODUCTION

Thomas J. Hake and Janet A. Hake brought an action to partition certain real estate located in Merrick and Nance Counties, Nebraska. Thomas and Janet subsequently filed a motion for summary judgment, essentially seeking a determination that a mortgage held by Farm Credit Bank of Omaha, Nebraska (FCB), was invalid. The trial court granted the motion, and FCB timely appealed. This court issued an order to show cause why the appeal should not be dismissed for lack of jurisdiction but permitted the parties to proceed with oral arguments. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

On March 3, 1997, Thomas and Janet filed a petition for partition of certain real estate. Thomas and Janet alleged, inter alia, that Weldon W. Hake owned an undivided one-half interest in the following real estate: the south half of Section 20, Township 15 North, Range 8 West of the 6th P.M., in Merrick County, Nebraska; the west half of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; the southeast quarter of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; and the northeast quarter of Section 8, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska.

Thomas and Janet alleged that Thomas, Timothy Hake, Todd Hake, Pamela Lienemann, and Patricia Davis were seized of an undivided one-tenth interest in said real estate which they inherited when their mother died. The petition further alleged that the above-described property, as well as the north half of Section 29, Township 15 North, Range 9 West of the 6th P.M., in Howard County, Nebraska; and the south half of Section 32, Township 16 North, Range 8 West of the 6th P.M., in Nance County, Nebraska, were subject to a promissory note and deed of trust dated April 16, 1990 (hereinafter referred to as the "trust deed"), held by FCB. According to Thomas and Janet's petition, the current outstanding balance owed on the promissory note was $232,700.29, plus interest. Thomas and Janet prayed, inter alia, that the court determine the interests of the above-named parties and partition the land, or "[i]f the real estate cannot be partitioned without prejudice to the rights of the owners, the real estate be sold and the proceeds thereof divided to the encumbrancers and the owners as their rights may appear."

On June 19, 1997, FCB moved for leave to file an amended answer. Below, the court and all parties treated the amended answer as having been allowed, and we shall do the same. In FCB's amended answer, it alleged, inter alia, that on or about July 13, 1979, Weldon and Doris Hake, then husband and wife, and Thomas and Timothy executed a promissory note in the principal sum of $478,800, and that to secure payment of the promissory note, Weldon, Doris, Thomas, and Timothy executed a mortgage, duly recorded on July 13, 1979, to the north-

west quarter (except a certain tract) of Section 12, Township 14 North, Range 8 West of the 6th P.M., in Merrick County, Nebraska; the south half of Section 20, Township 15 North, Range 8 West of the 6th P.M., in Merrick County, Nebraska; the west half of the southwest quarter of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; the southeast quarter (except a certain tract) of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; and the north half of Section 29, Township 15 North, Range 9 West of the 6th P.M., in Howard County, Nebraska.

At this point, we would note that FCB is the successor in interest to the rights of the Federal Land Bank of Omaha, the original mortgagee. In order to avoid further confusion in this case, and because it is irrelevant to this appeal, we will hereafter make no further distinction between the Federal Land Bank of Omaha and FCB and will refer to both as "FCB." FCB further alleged that pursuant to an amendment to an amended plan of reorganization, which was approved by the U.S. Bankruptcy Court, a trust deed and assignment of rents, dated April 16, 1990, and recorded on July 9, 1990, was executed by Weldon and Janet J. Hake, then husband and wife. The property described in the trust deed, attached to the answer, is as follows: the south half of Section 20, Township 15 North, Range 8 West of the 6th P.M., in Merrick County, Nebraska; the north half of Section 29, Township 15 North, Range 9 West of the 6th P.M., in Howard County, Nebraska; the southeast quarter and the east half of the southwest quarter of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; the south half of Section 32, Township 16 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; an undivided one-half interest in the west half of the southwest quarter of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; an undivided one-half interest in the north-west quarter of Section 5, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska; and an undivided one-half interest in the northeast quarter of Section 8, Township 15 North, Range 8 West of the 6th P.M., in Nance County, Nebraska.

FCB further alleged that the balance due and owing on the 1979 promissory note from Timothy and Thomas was $585,558.83, plus interest, and that by reason of the amendment to the amended plan of reorganization, Weldon is indebted on the promissory note in the amount of $232,700.29.

In Thomas and Janet's reply filed August 4, 1997, they alleged, inter alia, that FCB had accelerated the debt on the 1979 promissory note and foreclosed on the mortgage and that FCB had made no effort to collect a deficiency judgment and was therefore barred by the statute of limitations from collecting any deficiency. Thomas and Janet moved for partial summary judgment on October 10, 1997, seeking an order that the court allow them

> to enforce [Thomas'] settlement for the reason that the issues raised by [FCB's] amended Answer . . . in which it is stated that Plaintiff, Thomas Hake and Timothy Hake are indebted to [FCB] are irrelevant, since no genuine issue of material fact can be raised establishing that [FCB] is still in a secured position as to the land which is the subject of the Partition Action.

At the hearing held November 17, 1997, evidence was presented establishing that on November 7, 1986, FCB was granted a decree of foreclosure on the mortgage. There is nothing in our record to indicate that the land was ever sold. Sometime after the decree of foreclosure was issued but apparently prior to the sale of the mortgaged property, Weldon filed for bankruptcy. We say apparently, because our record fails to show when Weldon filed. On March 2, 1989, Weldon filed an amendment to the amended plan of reorganization. The plan provided, inter alia, that FCB would retain its real estate mortgage; that Weldon would execute and deliver a deed of trust to the trust deed property described in FCB's answer above; that Weldon warranted that he was the fee simple owner of all of said real estate; that Weldon would execute and/or obtain any additional documents to prove that he was the fee simple owner; that Weldon would pay FCB $297,536.75 in satisfaction of FCB's secured claim; that nothing in the plan was intended to affect the rights and obligations of Timothy and Thomas; and that FCB reserved all rights with respect to the obligation owed to FCB by Timothy

and Thomas. A copy of the plan is part of our record. Timothy and Thomas are not parties or signatories to the plan.

The U.S. Bankruptcy Court approved the plan on April 12, 1989. On April 16, 1990, Weldon and Janet J. executed the trust deed described above. The trust deed provided that it was being given to secure the 1979 promissory note and was payable according to the terms of the promissory note "as modified by the Plan of Reorganization confirmed on April 11, 1989." On June 26, 1990, Timothy and Thomas deeded the north half of Section 29, Township 15 North, Range 9 West of the 6th P.M., in Howard County, Nebraska, property to Weldon. This property was one of the parcels described in the trust deed.

After reviewing the evidence, the trial court found, inter alia, that FCB's "acceptance of the April 16, 1990, Deed of Trust and its failure to pursue a deficiency judgment against Timothy and Thomas Hake precludes it from asserting the validity of the 1979 mortgage." The court held that FCB "will hereafter be limited to asserting only that debt created by the April 16, 1990, Deed of Trust as a lien *against the property which is the subject of this Partition Action*." (Emphasis supplied.) FCB timely appeals.

## ASSIGNMENT OF ERROR

FCB alleges, restated, that the trial court erred in granting the motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Shivvers v. American Family Ins. Co.*, 256 Neb. 159, 589 N.W.2d 129 (1999).

## DISCUSSION

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Dvorak v. Bunge Corp.*, 256 Neb. 341, 590 N.W.2d 682 (1999); *Gordon v. Community First State*

*Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998). In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *State ex rel. Keener v. Graff*, 251 Neb. 571, 558 N.W.2d 538 (1997).

In the present case, the trial court determined that FCB was limited to asserting only the debt created by the April 16, 1990, trust deed as a lien against the property which is the subject of the present partition action. Of course, the trust deed itself created no debt, but, rather, secured a debt. In any event, the effect of the trial court's order left many issues unanswered.

Thomas and Janet brought the present action as a partition action. See Neb. Rev. Stat. § 25-2170 et seq. (Reissue 1995). The primary purpose of such an action is to divide the various ownership interests by sale or in kind. It naturally follows that it becomes fundamental to determine the shares and interests of *all* of the parties. § 25-2179. Indeed, in a partition action where everything depends upon the title and the nature of the title, and where, when that question is determined, the whole thing is determined, such determination is a final order, within the meaning of the statute, and is appealable. *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914) (referring to Rev. Stat. § 8176 (1913), the predecessor to Neb. Rev. Stat. § 25-1902 (Reissue 1995)).

Here, of course, the effect of the trial court's order was not to determine title to the property. Indeed, whether Thomas and Janet have any interest in the parcels described in their partition petition, and if so which ones, has not even been determined. Moreover, there is no suggestion in our record that the "whole thing," meaning the entire proceeding, would have been determined by a determination of title even if that had occurred.

A partition action is multifaceted litigation. The appealability of orders traditionally arising in such actions depends, at the most basic level, on the nature of the controversy resolved by the order. See, e.g., *Peterson v. Damoude, supra.* As stated, if an order does not determine a title issue in a setting where such determination will dispose of the whole case or does not involve a title or ownership issue which, while not the sole issue, is one which the parties have requested to be determined first, the order is not final but must await a partition of the land before it

can be presented on appeal. See *id.* The order here does not fall into either of the categories defined in *Peterson v. Damoude, supra,* as a final, appealable order. Moreover, we believe the order now before us also fails to be appealable under a more general analysis.

■ There are three types of final orders which may be reviewed on appeal. The three types are (1) an order which affects a substantial right in an action and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. *O'Connor v. Kaufman,* 255 Neb. 120, 582 N.W.2d 350 (1998). See *Charles Vrana & Son Constr. v. State,* 255 Neb. 845, 587 N.W.2d 543 (1998). Only the first two types of these orders are potentially involved here.

■ To constitute a final, appealable order under the first category, the case must involve an order which affects a substantial right in an action and which determines the action and prevents a judgment. *O'Connor v. Kaufman, supra.* To be final, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory.

*Moulton v. Board of Zoning Appeals,* 251 Neb. 95, 100, 555 N.W.2d 39, 44 (1996). See *Elliott v. First Security Bank,* 249 Neb. 597, 544 N.W.2d 823 (1996).

The mere fact that an appeal was prosecuted from an order sustaining a partial summary judgment is not determinative of the cause. Whether a partial summary judgment is a final and appealable order depends upon its effect. *Larsen v. Ralston Bank,* 236 Neb. 880, 464 N.W.2d 329 (1991). But see *O'Connor v. Kaufman, supra* (implying that *true* partial summary judgment is by definition never final, appealable order).

As already discussed, the issue of title to the land in question was not determined by the order before us. But, even assuming that there was no dispute about title, there has also been no determination in this case of the nature or extent of the credi-

tors' liens. Section 25-2173 provides that if there is a lien "upon one or more undivided interests of any of the parties, [the lien] shall, after partition or sale, remain a charge upon those particular interests or the proceeds thereof. But the due proportion of costs is a charge upon those interests paramount to all other liens." Here, Thomas and Janet's operative petition joined several creditors as defendants, including FCB and certain taxing authorities. The trial court's order does not address the liens of any alleged creditors other than FCB. Even as to FCB, although the trial court held that it was limited to asserting the lien created by the trust deed, the court made no determination of the amount of that lien; whether it was a lien upon one, all, or some of the various parcels of land; whether it affected one or all of the parties; or FCB's priority among the other creditors.

The effect of the present order granting partial summary judgment was to decide one part of the subissue of which creditors have an interest in the subject land and the nature and extent of those interests. There remain numerous issues that must be determined before the "whole merits of the case" are disposed of and the property can be partitioned as prayed for by Thomas and Janet's petition. We conclude that the order granting partial summary judgment did not "determine the action and prevent a judgment" and that it is not a final, appealable order under the first category. See *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

To constitute a final, appealable order under the second category, the order must affect a substantial right made during a special proceeding. *Id.* A substantial right is clearly involved in this case. The question is whether an order granting a motion for partial summary judgment is a "special proceeding." The Nebraska Supreme Court has recently determined that it is not, stating that

> " '[a] special proceeding within the meaning of the statute defining a final order must be one that is not an action and is not and cannot be legally a step in an action as part of it. None of the many steps or proceedings necessary or permitted to be taken in an action to commence it, to join issues in it, and conduct it to a final hearing and judgment

can be a special proceeding within the terms of the statute. . . .' "
*O'Connor v. Kaufman*, 255 Neb. at 123, 582 N.W.2d at 353.

> The grant of a motion for partial summary judgment merely resolves one or several of the issues involved in the entire action or the "main case." [Citation omitted.] A motion for partial summary judgment is not a special remedy or a special application to the court, as is a special proceeding, but, rather, a motion for partial summary judgment is merely one particular tool that may be used to resolve certain issues in the case.

255 Neb. at 124, 582 N.W.2d at 354.

As stated, the order involved in the present case resolved only one of several issues in this action. Although it affects a substantial right, the motion is only one step toward determining the rights of FCB and the other parties. Thus, the motion for partial summary judgment was not a "special remedy" or "special application." Thus, the resulting order is not a final, appealable order under the second category. See *O'Connor v. Kaufman, supra.*

In sum, Thomas and Janet's motion for partial summary judgment essentially sought a "declaration" that FCB's mortgage was no longer valid. While that issue was properly presented in the partition proceedings, it was only one of many to be determined. The trial court's order granting partial summary judgment was not a final, appealable order, and we are without jurisdiction to determine the merits of this appeal. See, *id.*; *Peterson v. Damoude*, 95 Neb. 469, 145 N.W. 847 (1914).

In view of our resolution of this appeal, we feel it appropriate to briefly comment on recent legislation on the topic of final orders. As is apparent in this case, the entry of an order addressing fewer than all the issues often places the opposing party between the proverbial rock and a hard place. If the opponent appeals and the order is determined to not be final, then valuable time and resources are expended with no resolution of the substantive issue raised on appeal. On the other hand, waiting until the entire case is finally determined involves the risk that an appellate court will decide that the order was final, in which event consideration of the issue is forever barred because it was

untimely presented. See Justice Caporale's concurring opinions in *O'Connor v. Kaufman, supra,* and *Larsen v. Ralston Bank,* 236 Neb. 880, 464 N.W.2d 329 (1991).

In 1998, the Nebraska Legislature passed 1998 Neb. Laws, L.B. 234, effective July 15, 1998. The bill has been partially codified in Neb. Rev. Stat. § 25-705(6) (Cum. Supp. 1998), which provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

We render no opinion on if or how this statute may have impacted the resolution of the final order issue in this case, because the order appealed from here was entered before the effective date of the statute. However, if properly applied, the statute offers the potential to eliminate some of the uncertainty that plagues the elusive concept of a "final, appealable order" in our state.

## CONCLUSION

The order granting the motion for partial summary judgment was not a final, appealable order. Because we lack jurisdiction to determine the merits of this appeal, it is dismissed.

APPEAL DISMISSED.