IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

PEAVY V. HANSEN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

RHONDA K. PEAVY, APPELLEE,
V.
PAUL J. HANSEN, AN INDIVIDUAL, APPELLANT, AND
WELLS FARGO BANK, N.A., ET AL., APPELLEES.

Filed December 24, 2013.    No. A-13-040.

Appeal from the District Court for Douglas County: JOSEPH S. TROIA, Judge. Appeal dismissed.

Paul J. Hansen, pro se.

Scott E. Daniel, of Gettman & Mills, L.L.P., for appellee Rhonda K. Peavy.

IRWIN, PIRTLE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

This appeal involves an action to foreclose a tax certificate issued to Rhonda K. Peavy at a public sale on March 3, 2008. The district court for Douglas County, Nebraska, granted summary judgment in favor of Peavy and entered a decree of foreclosure on the tax certificate. Paul J. Hansen, the record owner of the property at issue, appeals the district court's decision to enter the decree of foreclosure. However, Hansen's appeal was not timely filed, and as a result, we do not have jurisdiction to consider the issues raised in the appeal. Instead, we must dismiss the appeal for lack of jurisdiction.

## II. BACKGROUND

Hansen owned property on Myrtle Avenue in Omaha, Nebraska, on which he failed to pay the property taxes for a number of years. As a result of Hansen's failure to pay property taxes, the Douglas County treasurer held a public sale of the property for the delinquent taxes

owed for the years 2004 through 2007. Peavy paid the delinquent taxes and was issued a tax certificate. Subsequent to the issuance of the tax certificate, Peavy paid additional delinquent property taxes for the years 2008 through 2010. After Peavy held the tax certificate for 3 years, she brought an action to foreclose her interest in the property pursuant to Neb. Rev. Stat. § 77-1902 (Cum. Supp. 2012). Hansen was served with Peavy's complaint for foreclosure.

In response to Peavy's complaint, Hansen, acting as his own attorney, filed documents which indicated his belief that the district court did not have personal or subject matter jurisdiction over the foreclosure proceedings. In these documents, Hansen stated, "I do not consent to this offer to contract and I do not consent to this procedure."

Subsequent to Hansen's challenging the court's jurisdiction, the case was dismissed "for lack of prosecution." However, immediately after the notice of dismissal was filed, Peavy filed a motion to reinstate the case. In Peavy's motion, she indicated that her counsel had not received notice from the court about the deadline to file a proposed scheduling order and also indicated that she was ready to immediately proceed with the case. Ultimately, the district court found that there was good cause to support reinstatement of the case and granted Peavy's motion.

Hansen objected to the reinstatement of the case, again arguing that the district court did not have personal or subject matter jurisdiction over the proceedings. In addition, Hansen filed a document entitled "Foreign Plea in Abatement," in which he detailed his jurisdictional challenges. Essentially, Hansen claimed that there was no evidence to prove that he was a citizen of the United States, or of Nebraska, and that there was no evidence to prove that the Myrtle Avenue property was a U.S. "territory." A few days after Hansen filed his plea in abatement, he filed another document, further detailing his jurisdictional challenges. He specifically requested that the case be dismissed for lack of subject matter and personal jurisdiction.

Before the district court specifically ruled on Hansen's jurisdictional challenges, Peavy filed a motion for summary judgment. A hearing was held on the motion on October 3, 2012. At the hearing, Peavy presented evidence of Hansen's record ownership of the property, of the tax certificate owned by Peavy, and of Peavy's payment of subsequent property taxes. Despite some indication to the contrary, it appears that Hansen was not present at the summary judgment hearing.

On October 4, 2012, the district court filed a decree of foreclosure which granted Peavy's motion for summary judgment and entered a decree of foreclosure on the Myrtle Avenue property. The court found that Peavy was entitled to $6,376.88, which included interests, costs, and attorney fees. The court ordered the sale of the Myrtle Avenue property.

After the court filed the decree of foreclosure, Hansen continued to attempt to litigate the issues of whether the court had jurisdiction to enter the decree and whether the court's decision to enter the decree was proper. A thorough discussion of these "post-decree" filings is essential to our conclusion that Hansen's notice of appeal was not timely filed. As such, we detail each of these filings here.

On October 22, 2012, Hansen filed a document entitled "Notice of Claim of Lien / as a Liability Attached to Described Property." In this document, he claimed that he held a lien on the Myrtle Avenue property as a result of the "security" he provided there and as a result of improvements he made to the property. He asserted that the amount of the lien totaled $564,760.

On October 30, 2012, Hansen filed a motion to vacate the decree of foreclosure. In the motion, Hansen alleged that the decree should be vacated because he never received notice that the case had been reinstated and because he had never received any response or resolution to his plea in abatement. On November 12, Hansen refiled this motion to vacate. A few days later, on November 20, the district court entered an order denying Peavy's motion to vacate the decree of foreclosure.

On November 26, 2012, Hansen filed a motion to alter or amend the court's judgment. In this motion, Hansen again asserted that the foreclosure proceedings should have been dismissed because the court lacked subject matter jurisdiction. In addition, he argued that his plea in abatement was improperly overruled. Hansen renewed his request that the decree of foreclosure be vacated.

Also on November 26, 2012, Hansen filed an answer to Peavy's original complaint for foreclosure.

On December 7, 2012, the district court entered an order specifically finding that it had subject matter jurisdiction over the Myrtle Avenue property and that it had personal jurisdiction over Hansen, who had been properly served by mail.

On December 12, 2012, Hansen filed a motion to alter or amend judgment, in which he "demand[ed]" that the district court reconsider its December 7 order. Hansen argued that no one had presented any evidence to prove that the Myrtle Avenue property was a U.S. "territory" and subject to the jurisdiction of the district court. On December 31, 2012, Hansen filed additional documents in which he again challenged the district court's jurisdiction over the foreclosure proceedings. He filed a "Notice of Challenge," wherein he challenged the court to produce evidence of "solvency" to proceed against Hansen or to have jurisdiction over his property. He also filed a "Judicial Notice of Written Law." In this document, he asserted that it would be impossible for him to pay property taxes and that, as such, the foreclosure proceedings were unjust.

On January 3, 2013, the district court entered an order overruling Hansen's challenges to the decree of foreclosure and to the court's jurisdiction over the proceedings.

Hansen filed a notice of appeal on January 14, 2013.

## III. ASSIGNMENTS OF ERROR

Although Hansen's brief to this court includes numerous assignments of error, his assigned errors can be restated and consolidated into the following four issues: (1) that the district court erred in failing to dismiss the case for lack of subject matter and personal jurisdiction; (2) that Hansen did not receive proper notice of all of the proceedings conducted in the district court; (3) that the district court erred in denying his motion for plea in abatement; and (4) that the district court erred in granting Peavy's motion for summary judgment and entering the decree of foreclosure.

## IV. STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Bao*, 269 Neb. 127, 690 N.W.2d 618 (2005).

## V. ANALYSIS

In his appeal, Hansen essentially challenges the district court's finding that it had jurisdiction over the foreclosure proceedings and its decision to grant Peavy's motion for summary judgment and to enter the decree of foreclosure. However, before we can address Hansen's specific assertions, we must determine whether Hansen's appeal was timely filed and thus, whether we have jurisdiction over the appeal. Before reaching the legal issues presented for review, it is the duty of an appellate court to settle jurisdictional issues presented by a case. *State v. Bao, supra*. See, also, *Mason v. Cannon*, 246 Neb. 14, 516 N.W.2d 250 (1994).

Pursuant to Neb. Rev. Stat. § 25-1912 (Reissue 2008), in order to vest an appellate court with jurisdiction, a party must file an appeal within 30 days of the entry of a judgment, decree, or final order. See, also, *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986). In order to determine whether Hansen's appeal was timely filed, we must first determine when the district court entered its judgment.

The statutory definition of "judgment" is found in Neb. Rev. Stat. § 25-1301(1) (Reissue 2008): "A judgment is the final determination of the rights of the parties in an action." To be final, an order must dispose of the whole merits of the case and leave nothing for further consideration of the court, and thus the order is final when no further action of the court is required to dispose of the pending cause. See *Hake v. Hake*, 8 Neb. App. 376, 594 N.W.2d 648 (1999), citing *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996).

In this case, the district court entered a decree of foreclosure on October 4, 2012. In the decree, the district court granted Peavy's motion for summary judgment and found that Peavy was "entitled to an entry of a decree of foreclosure against the defendants named, designated or referred to in the Amended Complaint for Foreclosure." The district court then ordered that the Myrtle Avenue property be sold in order to satisfy Peavy's lien against the property. The Nebraska Supreme Court has previously held that such a decree of foreclosure ordering the sale of a property in order to satisfy a lien is a final, appealable order. See, *Leseberg v. Meints*, 224 Neb. 533, 399 N.W.2d 784 (1987); *Schuyler Building & Loan Ass'n v. Fulmer*, 61 Neb. 68, 84 N.W. 609 (1900). Accordingly, we conclude that the October 4, 2012, decree of foreclosure was a final, appealable order which disposed of the whole merits of the case and left nothing for further consideration of the court.

We recognize that prior to the court's entry of the October 4, 2012, decree of foreclosure, Hansen filed multiple pleadings challenging the district court's personal and subject matter jurisdiction. In the order, the district court did not explicitly determine the propriety of Hansen's challenges. However, inasmuch as the court did find that Peavy was entitled to the entry of a decree of foreclosure against all of the named defendants, including Hansen, the court did make an implicit finding that it had personal jurisdiction over Hansen. In addition, inasmuch as the court entered a decree of foreclosure on the Myrtle Avenue property, the court did make an implicit finding that the property was in Douglas County, Nebraska, and that it had subject matter jurisdiction over the foreclosure proceedings.

Essentially, we conclude that because the court entered the decree of disclosure, it implicitly denied Hansen's previously filed jurisdictional challenges. We also conclude that the

October 4, 2012, decree of foreclosure constituted the district court's final decision as to the status of the title of the Myrtle Avenue property, and as to Hansen's jurisdictional challenges.

Because we have concluded that the October 4, 2012, decree of foreclosure was a final, appealable order, if the 30-day time in which to appeal was not tolled for any reason, Hansen needed to file his notice of appeal from the decree of foreclosure on or before November 5, 2012. However, Hansen did not file his notice of appeal until January 14, 2013, more than 3 months after the decree of foreclosure was entered. Because Hansen filed his notice of appeal well after the 30-day time period had expired, his appeal is not timely unless the time period was somehow tolled.

The 30-day appeal period is tolled only by a timely motion for new trial, a timely motion to alter or amend a judgment, or a timely motion to set aside the verdict. See § 25-1912(3). All of such motions must be filed within 10 days of the entry of judgment in order to toll the 30-day time in which to appeal. See Neb. Rev. Stat. §§ 25-1144.01, 25-1315.02, and 25-1329 (Reissue 2008). Hansen filed his first motion to vacate the October 4, 2012, decree of foreclosure on October 30, obviously well outside the 10-day timeframe for a tolling motion. As such, this motion to vacate and all of his successive motions to vacate and motions to alter or amend the decree of foreclosure filed in November and December did not toll the 30-day appeal period. Similarly, we note that because the October 4 decree of foreclosure was a final determination concerning the district court's jurisdiction and concerning the status of the Myrtle Avenue property, the court's subsequent orders reiterating its previous findings are of no consequence to our determination of whether this appeal was timely filed.

Because Hansen filed his notice of appeal more than 30 days after the entry of the October 4, 2012, decree of foreclosure and because he did not timely file any motions which would have tolled the 30-day appeal period, this appeal was not timely filed. Accordingly, we must dismiss this appeal for lack of jurisdiction.

## VI. CONCLUSION

The appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.