Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/23/2018 09:12 AM CST

IN RE INTEREST OF MICHAEL N., A CHILD
UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE,
V. HEATHER N., APPELLANT, AND ROBERT N.,
APPELLEE AND CROSS-APPELLANT.

___ N.W.2d ___

Filed January 23, 2018.    No. A-17-218.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Constitutional Law: Due Process.** The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law.
3. **Appeal and Error.** On a question of law, an appellate court reaches a conclusion independently of the court below.
4. **Juvenile Courts: Parental Rights: Notice.** In a juvenile court case, following the issuance of an ex parte order for temporary immediate custody, a prompt detention hearing is required in order to protect a parent against the risk of an erroneous deprivation of his or her parental interests. Because parents have the right to a prompt detention hearing, they must also have a right to receive notice of that detention hearing.
5. **Judicial Notice: Records.** When a fact is judicially noticed by a trial court, papers requested to be judicially noticed must be marked, identified, and made a part of the record. In addition, testimony must be transcribed, properly certified, marked, and made a part of the record.
6. **Juvenile Courts: Parental Rights: Notice.** In a juvenile court case, if a detention hearing is held promptly, but without the parent's presence and without any evidence of actual or constructive notice of the hearing to the parent, then the parent's right to such a hearing is meaningless.

- 477 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

Appeal from the Separate Juvenile Court of Douglas County: Elizabeth Crnkovich, Judge. Reversed and remanded for further proceedings.

Karen S. Nelson and Alexis S. Mullaney, of Carlson & Burnett, L.L.P., for appellant.

Donald W. Kleine, Douglas County Attorney, and Jennifer C. Clark for appellee State of Nebraska.

Kristina B. Murphree, of Marks, Clare & Richards, L.L.C., for appellee Robert N.

Pirtle, Riedmann, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

Heather N. appeals and Robert N. cross-appeals from an order of the juvenile court, which order granted the Department of Health and Human Services (the Department) continued custody of their son, Michael N., and provided that placement of Michael was to be outside of Heather and Robert's home. Both Heather and Robert challenge, among other things, the juvenile court's decision to enter its order granting the Department continued custody of Michael when they were not provided notice of the detention hearing. Upon our de novo review, we conclude that Heather and Robert had a right to notice of the detention hearing. Because there was no evidence that they were provided such notice or, at least, that such notice was attempted, we reverse that part of the juvenile court's order which awarded the Department continued custody of Michael and remand the cause for further proceedings.

## BACKGROUND

The juvenile court proceedings below involve Heather, Robert, and their son, Michael, who was born in December

- 478 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

2011. On February 2, 2017, the State filed both a petition and a supplemental petition alleging that Michael was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016) due to the faults or habits of Heather and Robert. Specifically, the pleadings alleged that Heather and Robert had failed to provide Michael with proper parental care, support, and supervision; had failed to provide Michael with safe, stable, and appropriate housing; and had failed to place themselves in a position to parent Michael. The pleadings also alleged that termination of Heather's and Robert's parental rights was warranted pursuant to Neb. Rev. Stat. § 43-292(1), (2), and (9) (Reissue 2016) and that such termination was in Michael's best interests. Finally, the pleadings alleged that pursuant to Neb. Rev. Stat. § 43-283.01 (Reissue 2016), reasonable efforts to reunify Michael with his parents were not required.

Also on February 2, 2017, the State filed ex parte motions requesting that the juvenile court place Michael in the immediate custody of the Department and outside his parents' home. The juvenile court granted the State's request and placed Michael in the temporary custody of the Department in a foster home. The court scheduled a detention hearing to review Michael's custody and placement for February 7. On February 6, the day prior to the scheduled detention hearing, the court appointed both Heather and Robert with counsel.

On February 7, 2017, the detention hearing was held. Neither Heather nor Robert appeared at the hearing. However, counsel for both Heather and Robert appeared and made oral motions to dismiss the petition and supplemental petition because neither Heather nor Robert had been properly served with notice of the pleadings or with notice of the detention hearing. The State conceded that Heather and Robert had not been provided notice of the pleadings or of the detention hearing because "the whereabouts of the parents [are] unknown."

The juvenile court denied the motions to dismiss the petition and the supplemental petition. The court stated, "I do not know

- 479 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

of any pre-adjudication motion to dismiss under the Juvenile Code or under the law." The court also stated, "Notice and service must occur before any adjudication. This is the protective custody hearing, which is often . . . a matter of immediacy." The court then, sua sponte, took judicial notice of a "previous docket, 16-1277 . . . and the fact that the whereabouts of [the parents] are unknown." The court indicated that it would rule on the State's request to continue its ex parte custody order placing Michael in the custody of the Department and outside of Heather and Robert's home.

The court asked the State to present evidence concerning Michael's custody and placement. In response, the State asked the court to take judicial notice of the affidavit for removal. The court agreed to take judicial notice of the affidavit, but that affidavit was not offered into evidence. No other evidence was offered at the detention hearing. The juvenile court ordered that the Department be granted continued custody of Michael with placement to exclude Heather and Robert's home. The court then scheduled the adjudication hearing for April 26, 2017. The court ordered the State "to do their diligent search if they cannot personally serve [the parents] and secure service by publication as the law allows" prior to the scheduled adjudication hearing.

Heather appeals and Robert cross-appeals from the juvenile court's order.

## ASSIGNMENTS OF ERROR

On appeal, Heather assigns four errors, which we consolidate and restate into the following three assertions: (1) The juvenile court erred in failing to grant Heather's motion to dismiss the petition, (2) the juvenile court erred in ruling on the State's motion for continued custody when Heather had not been served with notice of the detention hearing, and (3) there was insufficient evidence presented to support the juvenile court's order granting continued custody of Michael to the Department.

- 480 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

On cross-appeal, Robert assigns five errors, which we consolidate and restate into the following two assertions: (1) The juvenile court erred in failing to grant Robert's motion to dismiss the supplemental petition, and (2) the juvenile court erred in ruling on the State's motion for continued custody when Robert had not been served with notice of the detention hearing.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Carmelo G.*, 296 Neb. 805, 896 N.W.2d 902 (2017).

[2,3] The determination of whether the procedures afforded an individual comport with constitutional requirements for procedural due process presents a question of law. *Id*. On a question of law, an appellate court reaches a conclusion independently of the court below. *Id*.

## ANALYSIS

### Motions to Dismiss

Heather asserts that the juvenile court erred in denying her motion to dismiss the petition because she had not been properly served with that pleading prior to the detention hearing. Likewise, Robert asserts that the juvenile court erred in denying his motion to dismiss the supplemental petition because he had not been properly served with that pleading prior to the detention hearing. Upon our review, we cannot say that the juvenile court erred in denying the motions to dismiss.

The State filed the petition and the supplemental petition in the juvenile court on February 2, 2017. The detention hearing was held 5 days later on February 7. At the detention hearing, the State admitted that it had not yet served Heather and Robert with a copy of the pleadings. Heather and Robert argued to the juvenile court that the pleadings should be dismissed because of the failure to perfect service upon them.

- 481 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

They make similar arguments in their appeal and cross-appeal to this court.

The dismissal of the petition and supplemental petition was not warranted due to a lack of service only 5 days after those pleadings had been filed in the juvenile court. We note that in civil actions, plaintiffs have 6 months in order to perfect service on a defendant. See Neb. Rev. Stat. § 25-217 (Reissue 2016). While there is no specific length of time delineated in the Nebraska Juvenile Code for the service of a petition, presumably the time allowed is more than 5 days.

Given the short amount of time that passed between the filings of the petition and supplemental petition and the detention hearing, it was reasonable for the juvenile court to deny the motions to dismiss in order to give the State more time to perfect service of the pleadings. In fact, after denying the motions to dismiss, the court specifically instructed the State to properly serve the parents prior to the adjudication hearing, which was scheduled for less than 3 months after the detention hearing. We would hope that the juvenile court's admonition would motivate the State to expeditiously seek service of the petitions on the parents so as to avoid the need for further continuances in the case.

Based upon the facts presented by this case, we cannot say that the juvenile court erred in denying the motions to dismiss so that the State could perfect service on the parents.

## Notice of Detention Hearing

Heather and Robert also assert that the juvenile court erred in ruling on the State's motion for continued custody when neither of them had been served with notice of the detention hearing. Upon our review, we find that Heather's and Robert's assertions have merit.

[4] The Nebraska Supreme Court has recently held that in a juvenile court case, following the issuance of an ex parte order for temporary immediate custody, "'[a] prompt detention hearing is required in order to protect the parent against

- 482 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

the risk of an erroneous deprivation of his or her parental interests.'" *In re Interest of Carmelo G.*, 296 Neb. 805, 814, 896 N.W.2d 902, 908 (2017), quoting *In re Interest of Mainor T. & Estela T.*, 267 Neb. 232, 674 N.W.2d 442 (2004). Stated another way, a parent has a right to a prompt detention hearing after the issuance of an ex parte order for temporary immediate custody. Because parents have the right to such a detention hearing, they must also have a right to receive notice of that detention hearing.

In this case, at the February 7, 2017, detention hearing, the State affirmatively indicated that it had not provided notice of the hearing to Heather and Robert because their whereabouts were unknown. The State did not, however, provide any evidence by way of affidavit, or otherwise, to demonstrate that it had made efforts to locate Heather and Robert or that those efforts had been unsuccessful.

[5] We note that the juvenile court sua sponte took judicial notice of previous juvenile court proceedings to support its finding that the parents' whereabouts were unknown. However, nothing from this previous juvenile court case was submitted into evidence, and thus, nothing from this previous case is included in our record on appeal. The Supreme Court has held that when a fact is judicially noticed by a trial court, papers requested to be judicially noticed must be marked, identified, and made a part of the record. See, e.g., *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017). In addition, testimony must be transcribed, properly certified, marked, and made a part of the record. *Id*. The trial court's ruling should state and describe what it is the court is judicially noticing, otherwise a meaningful review of its decision is impossible. *Id*.

Here, the juvenile court did not precisely indicate what in the previous case file supported the notion that the parents' whereabouts were unknown despite any efforts to locate them. While a court is permitted to take judicial notice of its own records, this is only proper """"where the same matters

- 483 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
25 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

have already been considered and determined."'" *Id.* at 758, 901 N.W.2d at 270, quoting *In re Interest of N.M. and J.M.*, 240 Neb. 690, 484 N.W.2d 77 (1992). Because the juvenile court in this case did not specifically identify what it was taking judicial notice of, we are simply unable to determine exactly what the court was taking judicial notice of within the previous case file. As a result, we are unable to determine whether such judicial notice was proper and are left with no evidence to support the juvenile court's finding that Heather's and Robert's whereabouts are unknown.

Because Heather and Robert did not receive notice of the detention hearing and because there is nothing in our record to indicate that the State made any effort to provide notice of the hearing, we conclude that they were denied their due process right to notice of the detention hearing. The juvenile court should not have ruled on the State's request for continued custody of Michael outside of his parents' presence and in the absence of any evidence that the State had made diligent efforts to locate the parents and notify them of the hearing.

Had the State presented evidence at the detention hearing which made an affirmative record that efforts to locate, serve, or otherwise give notice of the hearing to the parents were ongoing, the juvenile court would have had a basis to enter a further order of custody which would allow the State additional time to locate the parents. Here, not only was there no such evidence properly admitted before the court, but the court, in granting continued custody to the Department, ordered that no further hearing take place for nearly 3 months. The next scheduled hearing was an adjudication hearing.

While we recognize that counsel was appointed for Heather and Robert on the day prior to the detention hearing and that counsel did appear on their behalf at the hearing, we also recognize that counsel had little, if any, opportunity to contact or converse with their clients. This, coupled with the complete lack of evidence adduced as to what, if any, efforts had been

- 484 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

made to locate the parents, rendered the February 7, 2017, hearing more akin to an ex parte hearing than one in which the parents were present. Consequently, we find that had evidence been adduced to support continuing custody with the Department, the juvenile court should have scheduled a further detention hearing within a reasonable time pursuant to the parameters discussed in *In re Interest of Carmelo G.*, 296 Neb. 805, 896 N.W.2d 902 (2017), and *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998), rather than scheduling a subsequent adjudication hearing nearly 3 months later.

Accordingly, we reverse the juvenile court's order continuing the Department's custody of Michael and remand the cause for further proceedings consistent with this opinion. The juvenile court's prior order of temporary custody shall remain in effect for a period of only 10 days following the issuance of the mandate from this court. If the parents have not received notice of the subsequently set hearing, the State must present evidence of its efforts to serve and to notify both Heather and Robert of the hearing's occurrence. The juvenile court shall continue the foregoing procedure, including holding continued detention hearings periodically in compliance with the guidelines described in *In re Interest of Carmelo G., supra*, and *In re Interest of R.G., supra*, until such time as either service is perfected or actual notice of a scheduled hearing is accomplished.

We recognize the State's arguments with regard to the practicality of obtaining service or providing notice to parents who may have absented themselves from the jurisdiction. However, the State has not cited to any authority which would justify anything less than diligent efforts to locate and serve the parents with proper notice of the proceedings. The statutes clearly identify the procedures available for service, including publication if all other efforts at finding the parents fail. Due process requires these efforts. While holding frequent hearings

- 485 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF MICHAEL N.
Cite as 25 Neb. App. 476

on continued detention during the interim period may appear burdensome, such hearings necessarily safeguard the parents' due process rights.

[6] We find that implicit in a parent's right to a prompt detention hearing is the parent's right to notice of such a hearing. If a detention hearing is held promptly, but without the parent's presence and without any evidence of actual or constructive notice of the hearing to the parent, then the parent's right to such a hearing is meaningless. The State must make diligent efforts to promptly notify the parents of the occurrence of a detention hearing so that the hearing can be held within a reasonable time under the unique facts of each case.

### Sufficiency of Evidence to Support Continued Custody

Given our finding that the juvenile court erred in conducting the detention hearing under the facts of this case and our reversal of the continued custody order, we need not address Heather's final assignment of error concerning the sufficiency of the evidence to support the juvenile court's decision to award continuing custody of Michael to the Department.

### CONCLUSION

We reverse that portion of the juvenile court's order granting the Department continued custody of Michael and remand the cause for further proceedings. The juvenile court shall promptly hold a new detention hearing where the parents are present or where there is evidence of the State's diligent, but unsuccessful, efforts to locate the parents and notify them of the hearing.

Reversed and remanded for further proceedings.